## LIENHART *v.* BRUTON.

4-7449                                           181 S. W. 2d 468

### Opinion delivered July 3, 1944.

*Carroll W. Johnston* and *Charley Eddy*, for appellant.

*J. E. Brazil* and *J. G. Moore*, for appellee.

Knox, J. Initiated Act No. 1, commonly known as the Local Option Liquor Law, adopted by the people at the general election of 1942, and published at page 998 of the Acts of 1943, by this appeal is again challenged as being unconstitutional and void. No other question is presented.

Pleadings filed by appellant in the lower courts set forth several grounds of alleged constitutional objection to the Act. Most of these objections were decided adversely to appellant's contention in our recent case of *Yarbrough, et al.,* v. *Beardon, et al.,* 206 Ark. 553, 177 S. W. 2d 38.

Appellant, in effect, concedes this, and has confined his argument to the question whether such act violates art. II, § 2; art. III, § 2, and Amendment No. 8 of the Constitution of the state of Arkansas.

Appellant contends that the Act is in conflict with the three constitutional provisions above referred to, because he says it "is an encroachment of, if not a complete denial of, the right of men in the army and navy . . . at this time to cast their vote. . . ." We understand appellant's contention to be that, since the Act was adopted by the people at a time when many electors were in the armed forces and away from their voting precincts, they were thereby denied the right to vote thereon, and thus deprived of their right of suffrage guaranteed by Amendment No. 8 to the Constitution and further assured by art. III, § 2 of the Constitution, which provides that "no power civil or military, shall ever interfere to prevent the free exercise of the right of

suffrage''; that because such electors had no opportunity to vote for or against the adoption of the Act, it is unconstitutional and void. Appellant's further contention is that since during the war, service men will have little opportunity to participate in the local elections which may be held under authority of the Act, such Act violates the above-mentioned provision of the Constitution.

The contention is entirely without merit. No elector in the armed forces is, has been, or will be prohibited from voting by any provision of this Act. It is the war and the necessity for winning it which has taken them away from their homes. This Act had nothing to do with it.

Furthermore, it is nowhere alleged that appellant is serving with any branch of the armed forces of the United States, or that by reason thereof, he has been or will be deprived of his right to participate in any election held or to be held under the authority of this Act. It is well settled that a litigant can question a statute's validity only when and insofar as it is being, or is about to be, applied to his disadvantage. *Wiseman* v. *Phillips,* 191 Ark. 63, 84 S. W. 2d 91; *Arkansas Power & Light Co.* v. *West Memphis Power & Water Co.,* 184 Ark. 206, 41 S. W. 2d 755; *Ferguson* v. *Hudson,* 143 Ark. 187, 220 S. W. 306.

In the original pleading filed by appellant in the county court, appellant identified himself only as ''a citizen and qualified elector within and for Conway county.'' In a pleading filed in the circuit court, he declares that he appears ''in person and as president of the Conway county citizens committee.'' The nature of the last-mentioned organization, and its interest in the controversy is nowhere disclosed in the record. There is nothing in the record which shows appellant to have such an interest in the controversy as would entitle him to interpose constitutional objections to the Act.

The judgment is affirmed, and it appearing that the appeal was taken for delay, appellees' request for an immediate mandate is granted, and the clerk is directed to issue the same forthwith.