Elizabeth WALDRIP *v.* Donald Gene McGARITY
and William A. CLARK

80-138                                                              605 S.W. 2d 5
Supreme Court of Arkansas
Opinion delivered September 22, 1980

*Ray & Donovan*, Marianna, for appellant.

*Daggett, Daggett, & Van Dover*, by: *Jesse B. Daggett*, Marianna, for appellees.

GEORGE ROSE SMITH, Justice. According to the complaint, on December 2, 1978, the appellant's 11-year-old son, Fred Waldrip, was killed when he was struck on the highway by a pick-up truck owned by one of the appellees and being driven at high speed by the other appellee, a minor. The impact caused the child's body to bounce and slide along the highway for 184 feet. Mrs. Waldrip was sitting on her front porch at the time and witnessed the tragedy.

This action for wrongful death was brought by the administrator of the child's estate and by the surviving parents. The administrator sought to recover funeral expenses and $250,000 as compensation for the mental anguish suffered by the child's parents and his brother and sister. The mother, suing as an individual, sought to recover an additional $500,-000 as compensation for the "shock and mental anguish" she

suffered as a result of seeing her child's death. All three plaintiffs sought punitive damages.

The trial court, on motion for judgment on the pleadings (comparable to a demurrer under our former practice), entered judgment for the defendants with respect to the parents' cause of action, on the ground that the personal representative is the only person who can maintain an action for wrongful death under Arkansas law. This appeal is from that judgment. The Court of Appeals certified the case to us for decision.

Counsel for appellant, in a brief which does not mention the 1957 Arkansas statute (Ark. Stat. Ann. § 27-909 [Repl. 1979]) allowing a personal representative to recover for mental anguish suffered by the parents and other specified relatives of the decedent, urge us to recognize the cause of action discussed and approved by the Supreme Court of California in *Dillon* v. *Legg*, 68 Cal. 2d 728, 69 Cal. Rptr. 72, 441 P. 2d 912, 29 A.L.R. 3d 1316 (1968). There the California court overruled several prior cases and held that a mother who witnessed the death of her infant daughter in a traffic accident could assert a cause of action for mental anguish. The court, however, had to overrule its prior cases only because the California wrongful death statute allowed such damages as "may be just" and had been construed to preclude recovery for mental anguish. Calif. C.C.P.A. § 337 (1972); *Amaya* v. *Home Ice, Fuel & Supply Co.*, 59 Cal. 2d 295, 29 Cal. Rptr. 33, 379 P. 2d 513 (1963).

The situation in Arkansas is not comparable. For more than 20 years compensation for mental anguish has been recoverable under the Arkansas statute. In summarizing our cases we have pointed out that matters to be considered with respect to an action for mental anguish include the relationship between the plaintiff and the decedent, the violence and suddenness of the death, and specific consequences such as the plaintiff's resulting sleeplessness, nervous reaction, crying spells, and loss of weight or other physical symptoms. *St. Louis Southwestern Ry.* v. *Pennington*, 261 Ark. 650, 553 S.W. 2d 436 (1977). The appellant's complaint alleges only causes of action for shock and mental anguish,

both of which are recognized under our law. Presumably the legislature vested the cause of action in the personal representative (but with the recovery apportionable among the individual beneficiaries) so that all claims arising from a wrongful death can be asserted and settled in one suit. See *Reed* v. *Blevins*, 222 Ark. 202, 258 S.W. 2d 564 (1953), cert. den. 347 U.S. 937 (1954). We find no reason to recognize a duplicate cause of action in the appellant as an individual, nor has she suggested such a reason.

Affirmed.