Charity May SIMPSON *v.* Dr. Cullen Dale FULLER,
MEMORIAL HOSPITAL of North Little Rock,
Arkansas, and ST. PAUL FIRE AND
MARINE INSURANCE COMPANY

CR 83-275                                        665 S.W.2d 269

Supreme Court of Arkansas
Opinion delivered March 5, 1984

*Orvin W. Foster,* for appellant.

*Friday, Eldredge & Clark,* by: *John Dewey Watson,* for
appellee.

RICHARD B. ADKISSON, Chief Justice. This is a medical
malpractice action brought by appellant, Charity
May Simpson, against appellee, Dr. Cullen Dale Fuller,
Memorial Hospital of North Little Rock, and St. Paul Fire
and Marine Insurance Company. The trial court dismissed
the suit with prejudice because of appellant's failure to
notify appellee sixty days before filing suit pursuant to Act
709 of 1979 (codified at Ark. Stat. Ann. § 34-2617 [Supp.

1981]). Appellant admits her failure to comply with the sixty day notice of intent to sue, but she contends the notice requirement is constitutionally invalid. On appeal we affirm.

Appellant argues that this Court should apply a "strict scrutiny" test to determine the constitutionality of Ark. Stat. Ann. § 34-2617. As rationale for the application of a "strict scrutiny" test, appellant contends (1) that the right to pursue remedies in a court of law for injuries sustained to person or property should be deemed a "fundamental right" as established by the Constitution of Arkansas in Article 2, Section 13; (2) that Ark. Stat. Ann. § 34-2617 is in derogation of common law; and (3) that the statute confers upon tort-feasors who provide medical care a special privilege, or immunity, in violation of the Fourteenth Amendment to the Constitution of the United States and in violation of Article 2, Section 3 of the Constitution of Arkansas.

In *Gay* v.*Rabon,* 280 Ark. 5, 652 S.W.2d 836 (1983) we rejected appellant's argument that Act 709 be strictly construed. There we held that: "The statute in question [Act 709 of 1979] bears a fair and substantial relation to the object of the legislation, which is to encourage the resolution of claims without judicial proceedings, thereby reducing the cost of resolving claims and consequently the cost of insurance."

A presumption exists that every act is constitutional. Before it will be held unconstitutional, the incompatibility between it and the constitution must be clear, and any doubts as to the validity must be resolved in favor of its constitutionality. *Gay* v. *Rabon,* supra; *S. Cen. Dist. Pentecostal Ch.* v. *Bruce-Rogers,* 269 Ark. 130, 599 S.W.2d 702 (1980).

We considered this identical notice issue in the case of *Gay* v. *Rabon,* supra, and applied a "rational basis" test, concluding that a legitimate state purpose was being served by the notice requirement of Act 709 of 1979. We see no

reason to change that holding.

Affirmed.

HICKMAN, PURTLE, and HOLLINGSWORTH, JJ., dissent.

DARREL HICKMAN, Justice, dissenting. This is the second case which we have reviewed of a lawyer being caught in a legal trap set by the legislature. The case should not be dismissed, because the legislation in question is in derogation of common law and, therefore, must be strictly construed against the one claiming its benefits. The provision in question is arbitrary, nothing but a special legal trap, and a procedural rule that conflicts with this court's authority to decide procedural matters. I will concede that if it was the intention of the legislature to reduce malpractice claims, it has succeeded to some degree. These are two claims that I know of that have been "resolved."

I am authorized to state that Purtle and Hollingsworth, JJ., join in this dissent.