John F. JACKSON and Mary K. JACKSON
*v.* Kerry OZMENT, M.D., Henry LILE, M.D.,
John SLAYDEN, M.D., and
AFFILIATED SURGERY CLINIC

84-78                                      671 S.W.2d 736

Supreme Court of Arkansas
Opinion delivered July 2, 1984

*Bob Scott* and *Tom Hinds,* for appellant.

*Friday, Eldredge & Clark,* by: *Laura A. Hensley* and *Jerry Elliott,* for appellee.

RICHARD B. ADKISSON, Chief Justice. After being sued on account for hospital medical services, appellants, John and Mary Jackson, filed a third party complaint against appellees for medical malpractice in connection with the medical service rendered by the hospital. Appellees answered by stating that the Jacksons had failed to comply with Ark. Stat. Ann. § 34-2617 (Repl. 1962) which provides

for a sixty day notice of intent to sue in all actions for medical injury. Since the Jacksons admittedly had not complied with the notice statute, the trial court granted appellees' motion to dismiss. On appeal we affirm.

The Jacksons initially ask this Court to reconsider the constitutionality of the notice statute in light of decisions from other jurisdictions. Therefore, once again it is argued that Ark. Stat. Ann. § 34-2617 is unconstitutional because it (1) denies equal protection of the laws (Ark. Const. art. II, § 3; U.S. Const. amend. XIV), (2) denies prompt access to the courts (Ark. Const. art. II § 13), (3) constitutes special legislation (Ark. Const. art, V, § 25), and (4) violates the privileges and immunities clause of both the United States (U.S. Const. amend. XIV) and the Arkansas Constitutions (Ark. Const. art. II, § 18). We considered and rejected these arguments in the case of *Gay* v. *Rabon,* 280 Ark. 5, 652 S.W.2d 836 (1983). There we held that, "[t]he statute bears a fair and substantial relation to the object of the legislation, which is to encourage the resolution of claims without judicial proceedings, thereby reducing the cost of resolving claims and consequently the cost of [malpractice] insurance." This position was reaffirmed in the recent case of *Simpson* v. *Fuller,* 281 Ark. 471, 665 S.W.2d 269 (1984). We see no reason to reconsider these arguments.

Appellants next argue that Ark. Stat. Ann. § 34-2617 is constitutionally infirm because it violates Ark. Const. art. VII, §§ 1 and 4 which places superintending control over all inferior courts in the Supreme Court. We disagree. These sections of the Constitution do not expressly or by implication confer on this Court exclusive authority to set rules of court procedure. See Cox and Newbern, *New Civil Procedure: The Court that Came in from the Code,* 33 Ark. L. Rev. 1 (1979).

Appellants further argue that Ark. Stat. Ann. § 34-2617 is in direct conflict with ARCP Rule 3; therefore, the Supersession Rule which specifically supersedes any rules in conflict makes this statute ineffective. This is not so. Ark. Stat. Ann. § 34-2617 simply adds an additional step to the

proper commencement of a medical injury case provided under ARCP Rule 3.

Affirmed.

HICKMAN, PURTLE and HOLLINGSWORTH, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. The majority has again upheld this piece of special legislation which has no purpose except to deny certain litigants the same due process of law that others enjoy. Furthermore, it flies in the face of legislation which gives this court permission to enact rules of civil procedure for all courts. Ark. Stat. Ann. § 22-245 (Supp. 1983). (I think we needed no such permission.) There cannot be two bodies: one trying to promulgate rules for all, the other for a special few. I adhere to my views expressed in *Simpson* v. *Fuller*, 281 Ark. 471, 665 S.W.2d 269 (1984); and *Gay* v. *Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983).

PURTLE and HOLLINGSWORTH, JJ., join in this dissent.