Donovan DAWSON, Administrator of the Estate of Mary
Francis Dawson, Deceased *v.* Roy GERRITSEN, M.D. and
BAPTIST MEMORIAL HOSPITAL, FORREST CITY
INC.

86-164 720 S.W.2d 714

Supreme Court of Arkansas
Opinion delivered December 15, 1986

*Robert G. Gilder* and *Frank Morledge*, for appellant.

*Friday, Eldredge & Clark,* by: *Calvin J. Hall*, for appellee Roy Gerritsen, M.D.

*Rieves & Mayton*, by: *Ted Mackall, Jr.*, for appellee Baptist Memorial Hospital, Forrest City Inc.

STEELE HAYS, Justice. ■    Our jurisdiction of this medical malpractice case derives from Rule 29(1)(o). Mary Francis Dawson died intestate on October 7, 1983 following surgery performed the previous day by Dr. Roy Gerritsen. On October 1, 1985 Mrs. Dawson's husband, the appellant, filed suit as administrator of the estate against Dr. Gerritsen and Baptist Memorial Hospital-Forrest City, Inc. The defendants, who are the appellees, moved to dismiss the complaint for failure to give the sixty day notice in writing required under Act 709 of 1979 (Ark. Stat. Ann. § 34-2613 et seq., Supp. 1985). Section 5 of the Act (§ 34-2617) reads:

> *Notice of intent to sue.* No action for medical injury shall be commenced until at least sixty (60) days after service upon the person or persons alleged to be liable, by certified or registered mail to the last known address of the person or persons allegedly liable, of a written notice of the alleged injuries and the damages claimed. If the notice is served within sixty (60) days of the expiration of the period for bringing suit described in Section 4 [§ 34-2616], the time for commencement of the action shall be extended seventy (70) days from the service of the notice.

Recognizing the omission, the plaintiff took a voluntary nonsuit on December 5, 1985 and four days later filed an identical complaint against the defendants, again omitting the requisite notice of intent to sue. The defendants again moved to dismiss the complaint for failure to comply with Section 5 and the trial court granted the motion.

Donovan Dawson has appealed to this court on two grounds: (I) the requirement of written notice of intent to sue is unconstitutional under the state and federal constitutions and (II) the trial court erred in dismissing the complaint for failure to give notice of intent to sue to the defendants.

## I

■ Appellant's contention is the notice requirement violates the Due Process Clause of the United States Constitution and Article 5 § 15 of the Arkansas Constitution which prohibits special legislation. Inasmuch as appellant offers nothing in support of either constitutional argument we will undertake no greater defense of the statute than to note that we have considered identical challenges to the constitutionality of this provision on several recent occasions and have rejected the arguments. *Jackson* v. *Ozment*, 283 Ark. 100, 671 S.W.2d 736 (1984); *Simpson* v. *Fuller*, 281 Ark. 471, 665 S.W.2d 269 (1984); *Gay* v. *Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983). We decline to reconsider those decisions.

## II

Appellant concedes that if the notice provision is constitutional, he could not maintain the suit originally filed because of the lack of written notice of intent to sue. He urges, however, that when the October 1, 1985 complaint and summons were personally delivered to the defendants by the process server it constituted compliance with § 34-2617, and served as notice of the suit filed sixty-nine days later on December 9, inasmuch as notice of the original suit furnished better notice of the suit which followed than is required under the statute. He points out that the copy of the complaint each defendant received on October 1, 1985 gave them information in much greater detail than required under the statute. That may be true, so far as it goes, but we decline to rewrite the statute in that fashion, for two reasons. The statute is plainly intended to give the defendant or defendants in malpractice cases sixty days notice *before being sued,* for whatever functional use may be made of that information, the obvious rationale being that if a claim can be compromised before suit is filed, publicity adverse to the defendant is thereby averted. Whether the notice provision effectively serves that objective is not ours to judge, but we are persuaded that appellant's proposed alternative of suing twice, the first suit serving as notice of an intent to file the second suit, hardly comports with either the letter or the spirit of the statutory scheme. The end result is that a defendant, instead of receiving the sixty day notice prior to *any*

suit being filed, is sued twice without receiving written notice in advance of either suit.

Secondly, the filing of a complaint followed by a voluntary nonsuit is, at best, ambiguous. Taken alone, they tell the putative defendant nothing other than that a claim potentially exists. They are not the explicit notice that a suit will be filed which the statute clearly contemplates.

## III

Appellant asks in the name of time and expense that we decide whether a cause of action for wrongful death is subject to the two year limitation in section 4 of the act (Ark. Stat. Ann. § 34-2616) or the three year limitation applicable to wrongful deaths generally under Ark. Stat. Ann. § 27-907 (Repl. 1976). Further, he asks whether two sons of Mrs. Dawson have an extended period in which to commence a cause of action because of their minority. But these questions have not yet been presented to, or decided by, the trial court, and while time and expense are not to be lightly regarded, they cannot outweigh the sound reasons behind the rule that we do not render advisory opinions. *Stafford* v. *City of Hot Springs*, 276 Ark. 466, 637 S.W.2d 553 (1982); *McDonald* v. *Bowen*, 250 Ark. 1049, 468 S.W.2d 765 (1971); *Hogan* v. *Bright*, 214 Ark. 691, 218 S.W.2d 80 (1949).

In a per curiam issued November 24, 1986, we listed several Arkansas statutes deemed superseded by the Arkansas Rules of Civil Procedure. Among those was a statute passed after we adopted the rules in a per curiam dated December 18, 1978, 264 Ark. 964. That statute is Ark. Stat. Ann. § 27-1801 (Supp. 1985). Whether Rule 3 of the Arkansas Rules of Civil Procedure which concerns the commencement of actions, supersedes that part of Act 709 which requires 60 days notice before an action is commenced has not been raised in this case. We held in *Jackson* v. *Ozment, supra* that ARCP 3 did not supersede this provision. By this opinion we announce an intention to reexamine the decision in *Jackson* v. *Ozment* at the next opportunity.

Affirmed.