Donnie Wayne DAWSON, et al. *v.* Roy GERRITSEN, M.D., et al.

87-215                                    748 S.W.2d 33

Supreme Court of Arkansas
Opinion delivered April 11, 1988

*Robert G. Gilder* and *Frank Morledge*, for appellants and cross-appellees.

*Rieves & Mayton,* by: *Ted Mackall, Jr.,* for appellee Baptist Memorial Hospital, Forrest City, Inc.

*Friday, Eldredge & Clark,* by: *Calvin J. Gall,* for appellee and cross-appellant Roy Gerritsen, M.D.

STEELE HAYS, Justice. This is a second appeal by Donovan Dawson involving claims arising from the death of Mary Francis Dawson. Mrs. Dawson died intestate on October 7, 1983, the day after surgery was performed by Dr. Roy Gerritsen at Baptist Memorial Hospital, Forrest City. She was survived by her husband, Donovan Dawson, and by two minor sons, Donnie Wayne Dawson and Timothy Oliver, the latter from an earlier marriage. Mr. Dawson was appointed administrator of the estate and on October 1, 1985, he filed a wrongful death action on behalf of the heirs against Dr. Gerritsen and Baptist Memorial Hospital. The complaint specifically included the causes of action of the minor sons of Mrs. Dawson.

The defendants moved to dismiss the complaint for failure to give sixty days notice in writing of an intent to sue, as required by Section 5 of Act 709 of 1979, codified as Ark. Code Ann. § 16-114-204 (1987) [Ark. Stat. Ann. § 34-2617 (Supp. 1985)]. Recognizing the omission, the administrator took a voluntary nonsuit on December 5, 1985, and a few days later filed an identical complaint, again omitting the notice requirement. When the complaint was again dismissed by the trial court for failure to give notice, Dawson appealed and we affirmed, rejecting Dawson's contentions that the notice provision operated as a denial of due process, was special legislation, and that the complaint and summons received by the defendants in the first suit served as the written notice of an intention to sue the second time. *See Dawson* v. *Gerritsen,* 290 Ark. 499, 720 S.W.2d 714 (1986).

While the first case was under submission on appeal, another wrongful death action was filed on October 6, 1986, more than two years, but less than three years from the death of Mrs. Dawson. This is the case now before us on appeal. The action was

brought on behalf of the minor sons by their fathers as next friend, by Donovan Dawson on behalf of Donnie Wayne, and by Elton Oliver on behalf of Timothy. It is undisputed that the written notice of intent to sue was given more than sixty days prior to the filing of the complaint in this case. Both defendants moved for summary judgment, which was granted, and the plaintiffs have appealed. We affirm the trial court.

Appellants contend that under Ark. Code Ann. § 16-56-116 (1987) [Ark. Stat. Ann. § 37-226 (Repl. 1962)] minors have three years after their disabilities are removed in which to bring an action for medical malpractice, that in *Graham* v. *Cisco*, 248 Ark. 6, 449 S.W.2d 949 (1980), we held that the cause of action by a minor for medical malpractice was extended by the savings clause contained in § 37-226, even though the period of limitations for bringing an action for medical malpractice generally was limited to two years under Ark. Stat. Ann. § 37-205 (Repl. 1962). However, appellants need not rely on § 37-226, as Section 4 of Act 709 [Ark. Code Ann. § 16-114-203 (1987)] contains its own savings clause, part of which gives minors until age nineteen in which to assert a claim for a medical injury.

Appellants maintain that this is a wrongful death claim rather than a medical injury and is, therefore, subject to the three year period of limitations applicable to wrongful death actions generally under Ark. Stat. Ann. §§ 27-906 and -907 (Repl. 1979), rather than to the two year period provided for in Section 4 of Act 709. That was the issue in *Matthews* v. *Travelers Indemnity Insurance Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968), where we held that causes of action inuring to the estate of a decedent were subject to the lesser period of two years provided for in § 37-205, but that causes of action for loss of consortium and mental anguish inuring to the next of kin were subject to the three year limitation provided in §§ 27-906 and -907. The appellees counter that contention by pointing out that Act 709 was enacted well after the *Matthews* case and provides that "all actions for medical injury shall be commenced within two years after the cause of action accrues," that "the accrual of the cause of action shall be the date of the wrongful act complained of, and no other time," language they interpret as requiring every cause of action for medical injury, including wrongful death, to be brought within two years.

■■ We do not decide whether the legislature intended that actions for wrongful death resulting from medical malpractice be subject to Act 709, because it is clear that the claims of Donnie Wayne Dawson and Timothy Oliver, irrespective of their minority, may not be severed or split from the claims of the estate and next of kin when a personal representative has been appointed. That was precisely the issue in *Reed* v. *Blevins*, 222 Ark. 202, 258 S.W.2d 564 (1953). Anthony Reed was killed in a traffic accident in Nevada County, Arkansas where his parents lived. An administrator was appointed and a wrongful death action was brought, the complaint alleging that Reed's next of kin were his parents. There was no mention of a wife and minor child residing in California, whose existence was not even known to the administrator. The case was tried, a judgment of $2,500 was awarded the plaintiff against the defendant, and the money was distributed to the parents. When the spouse and minor child brought an action of their own, the trial court sustained the defendant's plea of res judicata and we affirmed, holding that under the language of Ark. Code Ann. § 16-62-102(2)(b) (1987) [Ark. Stat. Ann. § 27-907 (Supp. 1985)], when a personal representative is appointed, that individual is *"the only person"* who can maintain an action for wrongful death, citing *St. Louis-San Francisco Ry. Co.* v. *Garner*, 76 Ark. 555, 89 S.W. 550 (1905), *Davis* v. *Railway Co.*, 53 Ark. 117, 13 S.W. 801 (1890); *St. Louis-San Francisco Ry. Co.* v. *Crick*, 182 Ark. 312, 32 S.W.2d 815 (1930). *And see Waldrip* v. *McGarity*, 270 Ark. 305, 605 S.W.2d 5 (1980).

Appellants frankly concede the holding of *Reed* v. *Blevins* is adverse to their contention, but they point to the well reasoned dissent of Justice George Rose Smith in the *Blevins* case. Admittedly, it advances sound reasons for a different result, but the fact is the opposing view prevailed and time has not weakened it. The rule is now deeply rooted in our law. *Maryland Casualty Company* v. *Rowe*, 256 Ark. 221, 506 S.W.2d 569 (1974); *Matthews* v. *Travelers Indemnity Ins. Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968); *Dukes* v. *Dukes*, 233 Ark. 850, 349 S.W.2d 339 (1961).

To uphold the appellant's arguments in this case would require that we split appellants' causes of action from those of the

estate and other next of kin brought by the personal representative, which we have consistently refused to do where a multiplicity of suits would be the result. *Lisenby* v. *Farm Bureau Mutual Insurance Company of Arkansas*, 245 Ark. 144, 431 S.W.2d 484 (1968):

> Needless to say, the rule against the splitting of a single cause of action is intended to keep defendants from being harassed by a multiplicity of suits and to lighten the already overcrowded dockets of the trial courts. In finding the existence of a single cause of action, we have placed some emphasis upon the fact that the several claims arise from a single transaction. [citations omitted] In the case at bar we are firmly of the view that the fire created only one cause of action and the plaintiffs ought not to be permitted to subdivide that cause of action, thereby burdening the defendant and the courts with a waste of time and expense that attends a needless jury trial. [Id. at 146].

Appellants also cite us to *Darnell* v. *Lea*, 162 Ark. 516, 258 S.W. 363 (1924). There we held a plaintiff was not barred from suing a man who had allegedly seduced and debauched her at age sixteen, even though an earlier suit by her guardian had been dismissed. The cases are distinguishable. The cause of action for seduction was in no sense derivative, as may be said of the cause of action bestowed under the wrongful death statutes, but arose from a tort committed directly against the person of the plaintiff. Too, the suit by the guardian was dismissed for failure to prosecute and was not res judicata as to the cause of action.

Here, when the second action was dismissed for failure to give written notice of an intention to sue, an earlier identical action having been dismissed on plaintiff's motion for a nonsuit, the second dismissal operated as an adjudication on the merits. Arkansas Rules of Civil Procedure, Rule 41.

By cross-appeal, counsel for the appellees' seek to recover fees and expenses under Section 8 of Act 709, which provides for the recovery of reasonable costs in any action to recover for medical injury wherein the claims or defense are baseless, that is, "intentionally made without reasonable cause and found to be untrue." The trial court considered appellees'

requests for a recovery under this section and took the position the claims were not baseless. Considering the circumstances in their entirety we cannot conclude that was error. The provision in Act 709 requiring sixty days notice in writing of an intent to sue raises significant due process questions and is manifestly harsh. While we have upheld it, *Jackson* v. *Ozment*, 283 Ark. 100, 671 S.W.2d 736 (1984), we have also noted our reservations. *Dawson* v. *Gerritsen, supra.* Suffice it to say at this juncture that the appellants are not to be further penalized for attempting to escape from an obvious hardship, the equal of which may not exist elsewhere in the law.

AFFIRMED.