Joy PUGH, Individually and as Administratrix of the Estate of
John Pugh *v.* Ronald L. GRIGGS and Stephen R. Crane

96-402                                            940 S.W.2d 445

Supreme Court of Arkansas
Opinion delivered March 17, 1997

[Petition for rehearing denied April 28, 1997.*]

---

* Special Justice M. EDWARD MORGAN would grant. NEWBERN, J., not
participating.

*Steven R. Smith*, for appellant.

*R. Gary Nutter*, for appellees.

DONALD L. CORBIN, Justice. This is an appeal from the order of the Union County Circuit Court granting summary judgment on the issue of attorney malpractice to Appellees Ronald L. Griggs and Stephen R. Crane and denying summary judgment on the issue of liability to Appellant Joy Pugh. As this appeal involves a question concerning the law of torts, jurisdiction is proper in this court. Ark. Sup. Ct. R. 1-2(a)(16) (as amended by per curiam July 15, 1996). On appeal, Appellant argues that the trial court erred in granting Appellees' motion for summary judgment as there were issues of material fact yet to be decided and that the trial court also erred in denying her motion for summary judgment. For the reasons outlined below, we affirm the trial court's judgment.

## I.   Facts and Procedural History

We have discerned the following facts from the pleadings and affidavits filed with the trial court. Appellant entered into a contract with Appellee Griggs on June 21, 1985, in which Griggs agreed to represent Appellant in her claim for damages, wrongful death, and medical malpractice for the death of her husband John Pugh. Thereafter, Appellee Griggs associated with Appellee Crane in the prosecution of Appellant's claim. Appellees continually represented Appellant through January 27, 1992.

On May 21, 1987, Appellees sent notice of intent to sue to the medical defendants, including Warner Brown Hospital and two doctors, James Weedman and Durwood Flournoy. On July 29, 1987, Appellees filed Appellant's suit against the medical defendants alleging negligence in the treatment of Appellant's husband, resulting in his death. The negligent acts complained of

occurred on or about May 26, 1985. On September 29, 1989, Appellant, on the advice of Appellees, took a voluntary nonsuit.

On September 24, 1990, Appellees served the medical defendants with notice of intent to sue, pursuant to Ark. Code Ann. § 16-114-204 (1987) (repealed 1995). On November 29, 1990, Appellees refiled Appellant's complaint. The medical defendants moved for summary judgment on December 19, 1990, alleging that Appellant's action was barred by the one-year statute of limitations for filing a claim after nonsuit as provided in Ark. Code Ann. § 16-56-126 (1987). The motion was denied.

On February 25, 1993, approximately one year after Appellees had withdrawn from Appellant's case, the medical defendants filed a motion for reconsideration of summary judgment. This time the trial court granted the motion, applying this court's holding in *Weidrick v. Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), which overruled *Jackson v. Ozment*, 283 Ark. 100, 671 S.W.2d 736 (1984), and held that ARCP Rule 3 was in direct conflict with, and thus superseded, the requirement of notice of intent to sue in medical injury cases as provided in section 16-114-204. Appellant appealed the trial court's grant of summary judgment and this court affirmed. *See Pugh v. St. Paul Fire & Marine Ins. Co.*, 317 Ark. 304, 877 S.W.2d 577 (1994) ("*Pugh I*").

Subsequent to this court's ruling in *Pugh I*, Appellant initiated the current litigation by filing a complaint against Appellees alleging that they were negligent in failing to prosecute the first medical malpractice lawsuit, which resulted in a nonsuit, and in failing to timely refile her complaint within the one-year time period allowed for refiling a claim after a nonsuit pursuant to section 16-56-126. Appellees filed a motion for summary judgment on both allegations. The trial court granted Appellees' motion. As to the first allegation of negligence, the trial court reasoned that the decision to take a nonsuit was a discretionary one and that it would defer to Appellees' judgment call on that issue. As for the allegation that Appellees failed to timely file the complaint after taking the nonsuit, the trial court found that Appellees exercised reasonable skill and diligence on behalf of their client and that the question of whether the one-year period provided for in section

16-56-126 was extended in medical malpractice cases, in which notice must first be given before suit is filed, was not settled law. Additionally, the trial court denied Appellant's motion for summary judgment on the issue of Appellees' liability for professional negligence. This appeal followed.

## II. Summary Judgment

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Tyson Foods, Inc. v. Adams*, 326 Ark. 300, 930 S.W.2d 374 (1996); *Cherepski v. Walker*, 323 Ark. 43, 913 S.W.2d 761 (1996). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Anthony v. Kaplan*, 324 Ark. 52, 918 S.W.2d 174 (1996). On review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material question of fact unanswered. *Tyson Foods, Inc.*, 326 Ark. 300, 930 S.W.2d 374. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Cherepski*, 323 Ark. 43, 913 S.W.2d 761. The granting of summary judgment may be appropriate in a legal malpractice suit. *Tyson Foods, Inc.*, 326 Ark. 300, 930 S.W.2d 374; *Anthony*, 324 Ark. 52, 918 S.W.2d 174.

An attorney is negligent if he or she fails to exercise reasonable diligence and skill on behalf of the client. *Schmidt v. Pearson, Evans, and Chadwick*, 326 Ark. 499, 931 S.W.2d 774 (1996). In order to prevail on a claim of legal malpractice, a plaintiff must prove that the attorney's conduct fell below the generally accepted standard of practice and that such conduct proximately caused the plaintiff damages. *Id.* In order to show damages and proximate cause, the plaintiff must show that but for the alleged negligence of the attorney, the result in the underlying action would have been different. *Id.* An attorney is not liable to a client when, acting in good faith, he or she makes mere errors of judg-

ment. *Id.* Moreover, attorneys are not, as a matter of law, liable for a mistaken opinion on a point of law that has not been settled by a court of highest jurisdiction and on which reasonable attorneys may differ. *Id.*

Appellant argues on appeal that the trial court erred in granting summary judgment to Appellees because there were issues of material fact left unresolved. The trial court ruled that Appellees exercised reasonable skill and diligence on behalf of their client and, thus, it did not reach the issues of proximate cause and damages. We discuss each allegation of negligence separately.

### A. *Negligence in Prosecution of First Lawsuit*

Appellant initially argues that the trial court erred in granting the motion for summary judgment on the issue of Appellees' alleged negligent prosecution of the first lawsuit, which resulted in a voluntary nonsuit. Appellant asserts that Appellees' lack of preparation of the case left her no choice but to agree to a nonsuit. Appellant challenges the trial court's deference to Appellees' legal judgment in electing to take a nonsuit without looking beyond counsels' decision to the facts leading up to that decision. Appellees maintain that ARCP Rule 41 provides an absolute right to a voluntary dismissal and that Appellant consented to taking the nonsuit.

The trial court ruled that it was within Appellees' discretion as counsel for Appellant to take a voluntary nonsuit and that such decisions were frequently made by attorneys. The trial court stated:

> Cases are dismissed for any number of reasons and as counsel has been given such discretion [pursuant to ARCP Rule 41], I'm not going to look behind that dismissal at this point and make a determination as to whether or not their development of the case up until that time was proper or improper. I think I must defer to counsel's judgment call on the case as it existed with the facts and issues known to counsel at the time.

We hold that it was not error for the trial court to defer to Appellees' decision to seek a voluntary dismissal or nonsuit of Appellant's case, as such matters were within counsel's dis-

cretion. Rule 41(a) clearly allows a plaintiff to nonsuit a claim, and this court has recognized that the rule creates an absolute right to a nonsuit. *Whetstone v. Chadduck*, 316 Ark. 330, 871 S.W.2d 583 (1994); *Jenkins v. Goldsby*, 307 Ark. 558, 822 S.W.2d 842 (1992). Appellant does not claim that the nonsuit was taken without her consent or that she did not understand the concept of taking a nonsuit. Additionally, we conclude that by continuing her retainment of Appellees as her attorneys well into the filing of the second complaint, Appellant effectively waived any claim she may have had against Appellees for any alleged negligence committed in the prosecution of the first suit.

### B. Negligence in Failing to Timely Refile Case after Nonsuit

Appellant also argues that Appellees were negligent in failing to timely refile her lawsuit within the one-year period provided for in section 16-56-126. Appellant contends that there are remaining issues of material fact concerning Appellees' reliance on existing law in effect in 1990. In support of this contention, Appellant relies on a letter written by Appellee Griggs to Appellee Crane on September 21, 1990, and an office memo completed by a member of Appellee Crane's staff on December 20, 1990. The letter states in pertinent part:

> The last day to file this matter [Pugh v. Flournoy, et al.] is 28 September 1990. I have not had a chance to check on whether or not we have to give a notice of intent to sue prior to filing or whether or not we simply file a lawsuit after a non-suit.

The memo to Appellee Crane from a member of his staff reads in pertinent part:

> On this date I did some research on Joy Pugh. The following appears to be the law. According to the statute, you have one year after taking a non-suit to commence a new action. The notice provision for malpractice cases is strictly construed. The notice provision for malpractice cases is required to be filed after a non-suit. If you are unable to comply with the notice provisions within the prescription period, then the period of time to commence your lawsuit is extended by 70 days. We did file the lawsuit between 60 and 70 days after the notice. Therefore, the summary judgment motion is not applicable.

Appellant contends that these two documents are evidence of Appellees' lack of knowledge of the law regarding refiling of a medical malpractice claim after nonsuit rather than their alleged good-faith reliance on existing law. In addition, she argues that it should have been clear to Appellees that pursuant to section 16-114-204, notice of intent to sue for medical injury was required after taking a nonsuit, but that pursuant to section 16-56-126 a new action had to be commenced within one year from the date of taking a nonsuit notwithstanding the notice requirement.

At the time Appellant's claim was refiled, section 16-114-204(b) provided:

> If the notice is served within sixty (60) days of the expiration of the period for bringing suit described in § 16-114-203, the time for commencement of the action shall be extended seventy (70) days from the service of the notice.

Section 16-56-126 provides in pertinent part:

> If any action is commenced within the time respectively prescribed in this act, in §§ 16-116-101 — 16-116-107, in §§ 16-114-201 — 16-114-209, or in any other act, and the plaintiff therein suffers a nonsuit, or after a verdict for him the judgment is arrested, or after judgment for him the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed.

Appellees maintain that they acted in good faith pursuant to the relevant law in existence at the time they refiled the medical negligence lawsuit and that because they followed the existing law, they were not negligent in failing to timely refile Appellant's complaint. Appellees rely on this court's holdings in *Ofili v. Osco Drug, Inc.*, 300 Ark. 431, 780 S.W.2d 11 (1989), *Dawson v. Gerritsen*, 290 Ark. 499, 720 S.W.2d 714 (1986), *Jackson*, 283 Ark. 100, 671 S.W.2d 736, *Simpson v. Fuller*, 281 Ark. 471, 665 S.W.2d 269 (1984), and *Gay v. Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983). Although none of those cases directly supports Appellees' position that the seventy-day extension of the limitations period provided in section 16-114-204(b) applied to the one-year period provided for filing a claim after taking a nonsuit, this court had not had the

opportunity to address the issue until the first appeal of Appellant's case.

In *Pugh I*, 317 Ark. 304, 877 S.W.2d 577, this court held that under the wording of the statute, the extension period found in section 16-114-204(b)[1] applied only to the two-year limitation in section 16-114-203 and that the savings statute for refiling a claim after nonsuit is not mentioned in section 16-114-204(b). Similarly, this court noted that the savings statute makes reference to the medical malpractice act but expressly states a one-year limitation and does not mention any time period of extension. Without resorting to the rules of statutory construction or looking to the intent of the General Assembly, this court stated that the plain language of section 16-56-126 does not include the addition of the extension of time provided for in section 16-114-204(b). Based upon this construction of the two statutes, this court concluded that Appellant's medical malpractice claim was barred by the statute of limitations.

Appellant contends that the holding in *Pugh I* supports her argument that the law on the issue of the time allowed in which to refile a complaint after taking a nonsuit was well settled, and that the Appellees were negligent in failing to timely refile her lawsuit. Appellees maintain that the law was not settled until this court rendered its decision in *Pugh I* and that, therefore, they should not be held accountable for a mistaken opinion of an unsettled question of law. We agree with Appellees.

█ As noted above, this court recently held in *Schmidt*, 326 Ark. 499, 931 S.W.2d 774, that as a matter of law, attorneys are not liable for a mistaken opinion on a point of law that has not been settled by this court and on which reasonable attorneys may differ. Accordingly, while we may not approve of Appellees' lack of due diligence in the handling of Appellant's cases, because this

---

[1] Although in *Pugh I* this court referred to a ninety-day extension period found in section 16-114-204(b), the time period provided in that section at the time Appellant's claim was refiled in November 1990, was actually seventy days. The time period was subsequently expanded to ninety days by the General Assembly in 1991. *See* 1991 Ark. Acts 346. We note, however, that the reference to the ninety-day time period in *Pugh I* does not affect the outcome of that case.

area of the law was not settled and had not even been addressed by this court until the decision in *Pugh I*, we conclude that the trial court's grant of summary judgment was proper and that Appellees were entitled to judgment on this issue as a matter of law.

### III. Denial of Summary Judgment

Lastly, Appellant argues that it was error for the trial court to deny her motion for summary judgment on the issue of Appellees' liability for the alleged negligent handling of Appellant's medical malpractice cases. We decline to address this argument as this court has repeatedly held that the denial of a motion for summary judgment is not reviewable on appeal. *See, e.g., Ball v. Foehner*, 326 Ark. 409, 931 S.W.2d 142 (1996); *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). Moreover, in this particular case, we have, to a certain extent, already addressed the merits of this argument by addressing the trial court's grant of summary judgment in favor of Appellees on the issue of professional negligence.

Affirmed.

Special Justice M. EDWARD MORGAN dissents.

NEWBERN, J., not participating.

M. EDWARD MORGAN, Special Justice, dissenting. I disagree with that part of the majority opinion that affirms the trial court's granting summary judgment in favor of Appellees on the issue of negligence in failing to timely refile the case after nonsuit was taken. The Appellant entered into a contract with Appellee Griggs on June 21, 1985, to represent her in her claim for damages, wrongful death, and malpractice, resulting in her husband's death. Appellee Griggs associated with Appellee Crane to assist him in prosecuting this case. During the period of time from July 29, 1987, the date in which the original complaint was filed on behalf of the Appellant and the nonsuit of September 29, 1989, the only discovery the Appellees initiated was a set of Request for Production of Documents, submitted on September 21, 1988. The Appellees took no depositions and propounded no Interrogatories or Requests for Admission to Defendants. The case was set

for trial on October 23, 1989, and the Appellant, on advise of Appellees, took a nonsuit.

The record reflects that the Appellees waited until September 21, 1990, five days prior to the expiration of the statute of limitations to review whether the "notice of intent" requirement to sue in the medical malpractice was applicable when a nonsuit had been taken. The letter states in pertinent part:

> The last day to file this matter, [*Pugh v. Flournoy*, et al.] is 28 September 1990. I have not had a chance to check on whether or not we have to give a notice of intent to sue prior to filing or whether or not we simply file a lawsuit after a non-suit.

It appears from the record that this issue was not researched until a memo from a staff member on December 20, 1990, was provided as summarized in the majority's opinion.

Summary judgment is an extreme remedy, and should be granted only when there are no genuine issues of material fact left to be determined and when the case can be decided as a matter of law, *Cherepski v. Walker*, 323 Ark. 43, 913 S.W.2d 761 (1996). On appellate review, this court determines if granting summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material question of fact unanswered. *Knowlton v. Ward*, 318 Ark 867, 889 S.W.2d 721 (1994).

The letter from Appellee Griggs to Appellee Crane, dated September 21, 1990, a mere five days prior to the statute of limitations expiring on the nonsuit, demonstrates that no previous effort was made by the Appellees to determine whether the notice of intent to sue was required before the malpractice case could be refiled. This appears to be reaffirmed by the Appellee Griggs's staff memo of December 20, 1990. The September 21, 1990 letter, memo, and lack of basic discovery by the Appellees leaves a question of fact of whether the Appellees exercised reasonable skills and diligence on behalf of their clients while they were entrusted to prosecute this claim.

The standard of review for summary of judgment is whether the evidentiary items presented by the moving party in support of

the motion leave a question of material fact unanswered, and if not, whether the moving party is entitled to a summary judgment as a matter of law. All proof is viewed in the light most favorable to the party opposing the motion, and all doubts and inferences are resolved against the moving party. *McCaskill v. Fort Smith Pub. Sch. Dist.*, 324 Ark. 488, 921 S.W.2d 945 (1996).

From review of the record, there were no evidentiary items presented in affidavits, discovery, or depositions in support of summary judgment that this area of law was unsettled and reasonable attorneys may differ.

In *Pugh v. St. Paul Fire & Marine Ins. Co.*, 317 Ark. 304, 877 S.W.2d 577 (1994), this court in an unanimous decision, had no difficulty in finding the statute relied on by Appellees was clearly not applicable, and the *Weidrick v. Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), change in the law did not apply. Based upon the rules set out in which all proof is to be viewed in the light most favorable to the party opposing the motion and all doubts and inferences are resolved against the moving party, the Appellant should be given her opportunity to present her cause of action to a jury and have her day in court.

I would reverse the majority's opinion in part and remand the case for further proceedings.