AUTO CONNECTION, INC., Jimmy Smith, Individually and
d/b/a The Auto Connection, and H.P. Fraley, Individually, and
as Agent, Servant, and Employee *v.* Nina Sue GARDNER

CA 00–415                                         41 S.W.3d 417

Court of Appeals of Arkansas
Division II
Opinion delivered March 14, 2001

*Constance G. Grayson*, for appellants.

*S. Butler Bernard, Jr.*, for appellee.

TERRY CRABTREE, Judge. This appeal arises from an Order of the Circuit Court of Crittenden County granting summary judgment to the appellee, Nina Gardner. Appellants, The Auto Connection, Jimmy Smith individually and d/b/a The Auto Connection, Inc., and H.P. Fraley individually and d/b/a The Auto Connection, Inc., argue on appeal that the trial court improperly granted summary judgment because questions of fact remained to be decided. Appellants further argue that even assuming summary judgment was proper, the trial court did not award appellee the proper measure of damages. We find no error and affirm.

This case concerns the sale of a 1996 Mazda 626 automobile. On January 20, 1998, appellee purchased a 1996 Mazda 626 from appellants. Appellants are merchants engaged in the business of buying and selling used automobiles. Appellee purchased the vehicle from appellant for the purchase price of $10,900. The purchase price included a $1,000 trade-in allowance for appellee's 1990 Pontiac Grand Am automobile, and appellee financed the remaining $9,900. The Mazda 626 vehicle purchased by appellee had a title which had been branded as "damaged." Appellee picked up the vehicle on January 23, 1998, after appellants were supposed to perform certain repairs on the vehicle. Appellee was not satisfied with the repairs made by appellants and returned the vehicle. Subsequently, appellee gave written notice to appellants of her intent to void the sale. The trial court found that appellants did not meet the disclosure requirements required by Ark. Code Ann. § 27-14-2303 (Supp. 1999), regarding disclosures to be made to a buyer of a vehicle with a negatively branded title. The trial court granted summary judgment in favor of appellee, and awarded damages in the amount of $10,900, the purchase price of the 1996 Mazda 626.

Summary judgment is to be granted by a trial court when it is clear that there are no genuine issues of material fact to be decided, and the party is entitled to judgment as a matter of law. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). On review, this court determines if summary judgment was appropriate based on whether the evidence presented in support of summary judgment leaves a material question of fact unanswered. *Id.* We view the

evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* The standard is whether the evidence is sufficient to raise a fact issue, not whether the evidence is sufficient to compel a conclusion. *Caplenger v. Bluebonnet Milling Co.*, 322 Ark. 751, 911 S.W.2d 586 (1995).

Appellants argue that there was a genuine issue of material fact as to whether appellee was made aware that the title was branded as damaged before she purchased the vehicle. We do not address the issue of when appellee was made aware of the damaged title. We affirm the trial court's decision on the basis that appellants did not satisfy the requirements of Ark. Code Ann. § 27-14-2303 (Supp. 1999), which states in pertinent part as follows:

> (a)(1) When any dealer in this state offers for sale a motor vehicle which carries a title branded pursuant to this subchapter, the dealer shall disclose to any prospective buyer or purchaser to sale the nature of the title brand and shall furnish him a description of the damage sustained by the motor vehicle on file with the Office of Motor Vehicle.

> (2) The disclosure shall be on a buyer's notification form to be prescribed by the Consumer Protection Division of the Office of the Attorney General.

> (3)(A) The form shall be fully filled out and affixed to a side window of the motor vehicle with the title "Buyers Notification" facing to the outside.

Appellants were required to furnish appellee with a description of the damage sustained to the Mazda on a buyer's notification form. Appellants did not furnish appellee with this form, nor did appellants affix a buyers notification form to the vehicle's window.

Section 27-14-2303 further states:

> (c)(1) The forms to be prescribed by the division shall have an acknowledgment section that the seller shall require the buyer to sign prior to completing a sales transaction on a motor vehicle that carries a branded title.

> (2) The seller shall retain a copy of the signed notification form.

(d)(1) Failure of the seller to procure the buyer's acknowledgment signature shall render the sale voidable at the election of the buyer.

(2) The election to render the sale voidable shall be limited to sixty (60) days after the sales transaction.[1]

Appellants argue that it is in dispute as to when appellee was notified of the damage to the vehicle. Appellants' argument is without merit as there is no dispute that appellants failed to meet the requirements of § 27-14-2303. Appellants failed to procure appellee's acknowledgment signature on a buyer's notification form. Thus, under § 27-14-2303(d)(2) appellee could elect to void the sale. There is no dispute that within the prescribed time appellee returned the vehicle and gave written notification to the appellants of her intent to void the sale. Therefore, it was proper for the trial court to grant summary judgment in favor of appellee.

■■ Appellants argue that even if summary judgment is appropriate in this case, the trial court awarded appellee incorrect damages. We disagree and affirm the trial court's award of damages. Damages recoverable from breach of contract are those damages that would place the injured party in the same position as if the contract had not been breached. *Dawson v. Temps Plus Inc.*, 337 Ark. 247, 987 S.W.2d 723 (1999). In this case, the trial court awarded appellee $10,900, the purchase price of the 1996 Mazda 626. This amount of damages was proper as it placed appellee in the position she was prior to the sale. Appellants argue that appellee will get a windfall from this award. This argument is without merit. Appellee purchased the vehicle for $10,900 which included a $1,000 trade-in allowance for appellee's 1990 Pontiac Grand Am. Appellee remains fully liable to her lending institution for the balance on the original loan which was for $9,900. No evidence was introduced to suggest that appellee's liability had been reduced. Thus, appellee will receive no windfall.

Affirmed.

GRIFFEN and BAKER, JJ., agree.

---

[1] This section was amended in 1999 to extend the buyer's time to void the sale from thirty days to sixty days. The statute in place at the time of appellee's purchase gave her only thirty days to void the sale.