Nancy K. WOOD, Appellant,

v.

NATIONAL COMPUTER SYSTEMS, INC., Appellee.

No. 86–2316.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 26, 1987.

Decided March 24, 1987.

Charles Karr, Fort Smith, Ark., for appellant.

Elizabeth J. Robben, Little Rock, Ark., for appellee.

Before ROSS, ARNOLD, and MAGILL, Circuit Judges.

ARNOLD, Circuit Judge.

This is a tort case arising under the law of Arkansas. It involves a teacher-testing program required by state law, Acts 350 and 695 of 1985, now codified as Ark.Stat. Ann. § 80–1270 *et seq.* Under this program, known as the Certified Personnel Testing Program, all "certified personnel [the term includes teachers and administrators] ... shall undergo testing of their functional academic skills, including, but not limited to, reading, writing and mathematics." Teachers are required to pass the test in order to retain their certification. See Ark.Stat.Ann. § 80–1270.1.

The plaintiff, Nancy K. Wood, an elementary-school teacher in Fort Smith, Arkansas, took the test on September 21, 1985. Defendant National Computer Systems, Inc., agreed to print the test, score the objective portion of it, and return all of the scores to the Arkansas State Board of Education and to the individual teachers and administrators who had taken the test. On Friday, December 6, 1985, plaintiff, in common with many other teachers and administrators across the state, received an envelope containing someone else's score report. On Tuesday, December 10, plaintiff received her own score report and learned that she had not only passed but done well on the test. She returned the score that she had erroneously received, the other teacher's score, to the defendant. Two days later, she brought this suit, claiming negligence, violation of statute, invasion of privacy, and outrageous conduct resulting in extreme emotional distress.

The District Court [1] entered summary judgment for defendant, and plaintiff appeals. The opinion of the District Court, which is reported at 643 F.Supp. 1093 (W.D.Ark.1986), is complete, detailed, and well expressed, and we have little to add to it. A few observations will suffice to explain why we are affirming this judgment.

1. The law of Arkansas allows recovery for emotional distress under some limited circumstances. The landmark opinion is *M.B.M. Company v. Counce*, 268 Ark. 269, 596 S.W.2d 681 (1980). Recovery is allowed only if the defendant is guilty of "extreme and outrageous conduct," by which is meant "conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." 268 Ark. at 280, 596 S.W.2d at 687. The Supreme Court of Arkansas has adopted this standard from section 46, comment d of the Restatement (Second) of Torts (1977). In the present case, as the District Court observed, defendant's conduct, even when viewed in the light most favorable to plaintiff, does not begin to meet this standard. Defendant was certainly negligent, possibly even grossly negligent, but this kind of error, particularly when dealing with large numbers of people, is unfortunately more common than it should be, and cannot reasonably be characterized as atrocious or exceeding all possible bounds of decency.

2. As to invasion of privacy, the simple disclosure of private information to one other person, which is all that plaintiff could possibly prove here, is not sufficient to state a claim. According to section 652D of the Restatement (Second) of Torts (1977), followed in *Dunlap v. McCarty*, 284 Ark. 5, 9, 678 S.W.2d 361, 364 (1984), public disclosure of private facts is actionable if it involves "publicity of a highly objectionable kind, given to private information about the plaintiff...." Here, there was no "publicity," properly so called, but only disclosure to a single other person. In addition, the disclosure of private information was not of a highly objectionable kind. One other person, presumably another teacher, found out that plaintiff, whom in all likelihood he or she had never heard of, had done well on

1. The Hon. H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

the test. There is nothing highly objectionable about that.

■ 3. As to simple negligence, the Supreme Court of Arkansas has never recognized a cause of action for the merely negligent infliction of emotional distress, absent some accompanying physical injury. If such a claim were to be recognized, the careful delineation of the claim for outrageous conduct in *M.B.M. Company, supra,* would be for no purpose whatever. We do not believe that the Supreme Court of Arkansas would take this step, and, therefore, we shall not take it. Our task in this case, which is governed by the substantive law of the State, is to apply the law as we believe the Supreme Court of Arkansas would determine it.

4. Plaintiff also claims a right of action based on violation of a statute. Ark.Stat. Ann. § 80–1270.4 (Supp.1985), part of the teacher-testing law enacted in 1985, provides as follows:

> Scores from the tests required under the provisions of this Act shall be kept by the State Board of Education and shall not be open to or made available to the public under the Freedom of Information Act (Act 93 of 1967 [§§ 12–2801–12–2807], as amended) or any other law but shall be kept confidential by the Board except that the Board shall mail the individual test score and the grader's analysis of the writing portion of the test to the teacher at the address provided by the teacher. The State Board of Education shall compile and furnish to the Governor and to the Joint Interim Committee on Education a report indicating the results of the tests on a statewide basis, but not identifying individuals or individual school districts.

■ We do not believe that the facts of this case, viewed in the light most favorable to the plaintiff, make out a private right of action for damages for violation of this statute. In the first place, the plaintiff's score has not been made open to the public, nor has it been made available to the public under the Freedom of Information Act. This provision, of course, was intended to prohibit large-scale public access to test scores, perhaps including their publication by the media. That is not at all what has happened here. It is arguable that the further requirement of the statute, if indeed it is a further requirement, and not simply a rephrasing of the prohibition on general publicity just referred to, has been violated here, because plaintiff's score has not, strictly speaking, been kept confidential. We further assume, without deciding, that the defendant here, which is in the position of an independent contractor, would be subject to the same strictures as the State Board of Education, the only entity specifically named in this statute. Still, there is no indication in the statute that a private right of action for damages was being created, allowing recovery simply on a showing of a breach of confidentiality involving one other person. Such a departure from the common law, we think, would have been clearly stated, or at least not left completely to implication, if the General Assembly had intended it.

We can understand the plaintiff's irritation and dismay upon receiving someone else's score. She had to wait four additional days before discovering that she had passed. Without doubt, this delay caused anxiety and distress. We do not wish to be understood as condoning the defendant's negligence, but we believe the District Court was clearly correct in holding that the facts of this case do not rise to the rather high level required for tort recovery by Arkansas law.

Affirmed.