281 N.J. Super. 235 (1995)
656 A.2d 1322
STUART KOHN AND SUSAN KOHN, PLAINTIFFS,
v.
JOSEPH P. SCHIAPPA, INDIVIDUALLY, JOSEPH P. SCHIAPPA, A PROFESSIONAL CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division Middlesex County.
Decided: March 17, 1995.
*236 John M. Blume, for plaintiffs (Blume, Vazquez, Goldfaden, Berkowitz & Donnelly, attorneys).
Bruce E. Helies, for defendants (Wolff, Helies & Duggan, attorneys).
WOLFSON, J.S.C.
The novel issue in this legal malpractice action is whether damages for emotional distress are recoverable where an attorney *237 is retained to pursue non-economic claims. I conclude they are and accordingly deny defendant's motion for summary judgment.
The relevant facts are not in dispute. In 1991 the plaintiffs retained counsel to assist them in adopting a child via an approved adoption agency. In contrast to the notice requirements applicable to private adoptions,[1] notice "shall not be served on any parent," where the adoption is processed by an approved adoption agency. N.J.S.A. 9:3-45b (emphasis added).
Defendant's alleged malpractice arises from having served the adoption complaint on the birth parents, thereby erroneously disclosing to them privileged information, including the name and address of the adoptive parents and the adoptee. This breach of confidentiality, plaintiffs assert, has caused them to suffer severe emotional distress.
In his motion for summary judgment, the defendant urges that Gautam v. De Luca, 215 N.J. Super. 388, 521 A.2d 1343 (App.Div.), certif. denied, 109 N.J. 39, 532 A.2d 1107 (1987), precludes recovery for emotional distress under these circumstances as a matter of law.
As a general rule, an attorney, like other tortfeasors, will be held liable to clients who are foreseeably and proximately harmed by his or her negligence. In a legal malpractice action, damages are typically measured by that amount which the client would have recovered, but for the attorney's negligence. Lieberman v. Employers Ins. of Wausau, 84 N.J. 325, 342, 419 A.2d 417 (1980). This requires proof of the viability and worth of the negligently lost claim.[2]
*238 In Gautam, supra, the plaintiffs claimed that their attorney had negligently handled their medical malpractice action. In addition to the lost value of the medical malpractice claim, plaintiffs claimed the right to recover for the severe emotional distress purportedly suffered by them as well. Rejecting this contention, the appellate division articulated a general rule that, "emotional distress damages should not be awarded in legal malpractice cases at least in the absence of egregious or extraordinary circumstances." Id. at 399, 521 A.2d 1343 (emphasis added).
Although guided by public policy considerations, the court appeared to be influenced by the economic nature of the lawyerclient relationship as well as the underlying claim itself, and concluded that damages should be limited to recompensing a party solely for the economic losses sustained. Id. at 399-400, 521 A.2d 1343. While "the outer-most boundaries of the law dealing with emotional distress damages are not yet visible, we are thoroughly satisfied that there is no warrant for allowing recovery under the facts of this case." Id. at 400, 521 A.2d 1343 (emphasis added) (citation omitted).
Plaintiffs argue that Gautam is not controlling because their claim is not predicated upon an economic loss. Instead, they contend that the improper disclosure of privileged information has severely damaged their emotional and mental well being, and urge that their circumstances be deemed "extraordinary" as contemplated by Gautam.
Since no economic "claim" was impaired by counsel's alleged negligence, the "suit within a suit" framework typically utilized in adjudicating legal malpractice actions, has no application. Consequently, without the ability to seek redress for emotional distress damages, negligent counsel would have virtual immunity for any malpractice committed when retained for non-economic *239 purposes. The unfairness of such a result is quickly manifest given the wide variety of attorney-client relationships other than adoption proceedings, which are not predicated upon economic interests. Drafting a living will, contested child custody or visitation disputes, criminal defense work, as well as numerous pursuits in the general equity courts are but a few examples. In such instances one would be unable to quantify any economic loss. On the other hand, severe mental and emotional distress, resulting from the loss of custody or visitation rights, or wrongful incarceration, is readily foreseeable.
Federal and sister jurisdictions analyzing the reach of Gautam, have also authorized emotional distress claims in such contexts. In Lawson v. Nugent, 702 F. Supp. 91 (D.N.J. 1988), the United States District Court, applying New Jersey law, permitted the plaintiff to assert and prove emotional distress caused by his attorney's negligent representation in a criminal proceeding.[3] The defendant there, as here, urged that Gautam precluded such damages under New Jersey law. In an exhaustive and comprehensive analysis of New Jersey law, Judge Lifland acknowledged a liberal and expansive trend regarding the viability of emotional distress claims.[4] Noting that plaintiff's underlying attorney-client relationship was predicated upon a liberty, rather than a pecuniary *240 interest, the judge distinguished Gautam and concluded that damages for emotional distress were recoverable.[5]Id. at 93. See also, Snyder v. Baumecker, 708 F. Supp. 1451, 1464 (D.N.J. 1989) (emotional distress damages from loss of liberty recoverable, following Lawson, supra).
Likewise, in Henderson v. Domingue, 626 So.2d 555, 559 (La. App. 3rd Cir.1993), writ denied, 630 So.2d 799 (La. 1994), a legal malpractice action predicated on counsel's failure to prosecute a United States Tax Court action, plaintiff's serious aggravation, his grave concern and embarrassment, and the damage suffered to his credit reputation, caused the court to affirm a damage award for mental anguish.[6]See also, Smith v. Superior Court, 10 Cal. App. 4th 1033, 13 Cal. Rptr.2d 133, 137-38 (1992) (while mere negligence will not support a recovery for mental suffering where the defendant's tortious conduct has resulted in only economic injury, "where a plaintiff sufficiently alleges intentional or affirmative misconduct by an attorney or noneconomic injury resulting from an attorney's professional negligence, recovery of emotional distress damages is permitted") (emphasis added); and see, McDaniel v. Gile, 230 Cal. App.3d 363, 373-75, 281 Cal. Rptr. 242 (1991) (emotional distress damages available in action predicated on *241 attorney's malfeasance of criminal defense, resulting in incarceration).[7]
While Gautam held that "damages should be limited to recompensing the injured party for his economic loss," 215 N.J. Super. at 399, 521 A.2d 1343, that court was not asked to consider, nor did it address, whether damages for emotional distress were recoverable in cases involving non-economic claims where the "suit within a suit" framework is inapplicable. Consequently, it cannot be said that Gautam forecloses a plaintiff from alleging severe emotional distress where the underlying representation was for non-economic purposes. Indeed, recognizing that exceptions to any hard and fast rule would undoubtedly evolve, the court cautioned:
[E]ven if emotional distress damages were recoverable in legal malpractice actions, such awards would be impermissible in the absence of medical evidence establishing substantial bodily injury or severe and demonstrable psychiatric sequelae proximately caused by the tortfeasor's misconduct.
[Gautam, supra, 215 N.J. Super. at 399, 521 A.2d 1343.][8]
In this matter, plaintiffs retained defendant to handle a formal adoption, not to seek recovery for an economic loss. Indeed, other than the retainer, there were no pecuniary interests involved. If plaintiffs are precluded from asserting and proving the mental anguish and distress purportedly caused by counsel's wrongful disclosure of confidential information, then they are, for all intents and purposes, remediless. Based upon the foregoing, I am satisfied that affording virtual immunity to negligent attorneys who are retained for non-economic purposes is contrary to the *242 public interest and therefore not sound public policy. Accordingly, defendant's motion for summary judgment is denied.
Plaintiffs shall submit the appropriate order.
NOTES
[1] N.J.S.A. 9:3-45a requires a complaint seeking a private adoption to be served upon the birth parents.
[2] This method of establishing damages has been frequently characterized as involving a "suit within a suit." See e.g. Gautam, supra, 215 N.J. Super. at 397-398, 521 A.2d 1343 (citing Lieberman v. Employers Ins. of Wausau, supra, 84 N.J. at 342, 419 A.2d 417; Coggen, "Attorney Negligence ... A Suit Within a Suit," 60 W. Va.L.Rev. 225, 233 (1958); Annotation, Attorney-Negligence-Damages, 45 A.L.R.2d 62, 63-67 (1956)).
[3] The plaintiff alleged that but for the attorney's negligence, he would only have served forty months in a correctional facility, instead of 5 years. Id. at 92.
[4] In support of this trend, the court reviewed, among other things, Ayers v. Jackson Tp., 106 N.J. 557, 525 A.2d 287 (1987) (fear of cancer by residents who alleged exposure to toxic waste may provide a basis for a claim of emotional distress); Saunderlin v. E.I. DuPont Co., 102 N.J. 402, 508 A.2d 1095 (1986) (fear of cancer attributable to exposure to work place asbestos may provide a basis for a claim of emotional distress where injury is demonstrable by objective medical evidence); Procanik by Procanik v. Cillo, 97 N.J. 339, 478 A.2d 755 (1984) (allowing emotional distress damages to parents of impaired child in medical malpractice action); Evers v. Dollinger, 95 N.J. 399, 471 A.2d 405 (1984) (negligent delay of surgery may cause emotional distress where delay exacerbated patient's disease).
[5] Similar conclusions have at least been implicitly reached in other jurisdictions as well. See e.g., Geddie v. St. Paul Fire & Marine Ins. Co., 354 So.2d 718 (La. App. 1978) cert. denied, 356 So.2d 1011 (La. 1978) (emotional distress damages for wrongful confinement implicitly approved); Bowman v. Doherty, 235 Kan. 870, 686 P.2d 112 (1984) (lower court's ruling limiting proof of damages in a legal malpractice action to actual physical injury reversed); Delesdernier v. Porterie, 666 F.2d 116 (5th Cir.), cert. denied, 459 U.S. 839, 103 S.Ct. 86, 74 L.Ed.2d 81 (1982) (emotional distress damages implicitly approved where the attorney negligently withdrew from a case); Wagenmann v. Adams, 829 F.2d 196 (1st Cir.1987) (emotional distress damages approved where plaintiff wrongly confined to a psychiatric hospital as a result of attorney's malpractice).
[6] In doing so, the court distinguished an earlier decision to the contrary. Compare, Richards v. Cousins, 550 So.2d 1273 (La. App. 4th Cir.), writ denied, 552 So.2d 397 (La. 1989).
[7] Permitting recovery for emotional distress in legal malpractice actions has also attracted the attention of the commentators. See e.g., Joseph J. Kelleher, "An Attorney's Liability for the Negligent Infliction of Emotional Distress," 58 Fordham L.Rev. 1309 (1990); D. Dusty Rhoades & Laura W. Morgan, "Recovery of Emotional Distress Damages in Attorney Malpractice Actions," 45 S.C.L.Rev. 837, 841 (1994), (noting the emergence of a general trend allowing recovery for emotional distress damages "when the direct damage interferes with a personal interest of the client, such as liberty or family.").
[8] While the burden thus imposed is a formidable one, it cannot be held at this stage of the proceedings that plaintiffs will be unable to meet it.