Robert ANTHONY *v.* Phil KAPLAN and Kaplan, Brewer & Maxey, P.A.

95-1270                                          918 S.W.2d 174

Supreme Court of Arkansas
Opinion delivered April 1, 1996

54

*Ball & Mourton, Ltd.*, by; *Kenneth R. Mourton* and *Rayburn W. Green* and *James S. Cox & Associates*, by: *James S. Cox* and *Russell*

*Fowler,* for appellant.

*Wright, Lindsey & Jennings,* by: *Bettina E. Brownstein,* for appellees.

TOM GLAZE, Justice. This is a legal malpractice action based on a question involving vacation of an arbitration decision. Following his termination as a partner at KPMG Peat Marwick (KPMG), appellant Robert Anthony employed the legal services of appellees Phil Kaplan and his firm, Kaplan, Brewer & Maxey, P.A. On Anthony's behalf, Kaplan filed a complaint against KPMG in federal district court, alleging wrongful termination, and breach of contract based on a partnership agreement and a 1984 contract. The federal court dismissed Anthony's complaint and ordered the parties to arbitrate their dispute. Subsequently, Anthony and KPMG entered an arbitration agreement wherein they agreed the arbitration was to be conducted under the law of New York state, but that the circuit court in Jackson County, Missouri, was to have exclusive jurisdiction.

An arbitration hearing was held in December, 1992, at which time, the arbitration panel, by a two-to-one vote, held in KPMG's favor. Finding KPMG's partners had complied with the partnership agreement in terminating Anthony by a two-thirds vote, the majority panel held the partnership vote was the deciding factor and the 1984 contract was irrelevant to that issue.

Anthony filed a motion to vacate the panel's decision in the federal district court, and KPMG filed a motion to dismiss based on the forum selection clause in the arbitration agreement. On April 15, 1993, the district court dismissed Anthony's motion to vacate. The dismissal order was entered after the time had lapsed preventing Anthony from filing a motion to vacate the arbitration decision in the correct forum, the Missouri circuit court.

After obtaining his file from Kaplan, Anthony filed suit in the Pulaski County Circuit Court against Kaplan and his firm, alleging (1) legal malpractice and (2) breach of an oral contract for legal services. Thereafter, Kaplan filed a motion for summary judgment, asserting Anthony had failed to show proximate cause by establishing that a timely and properly filed motion to vacate the decision of the arbitration panel would have been granted by the Missouri court. Following a hearing, the Pulaski County Circuit Court granted Kaplan's summary-judgment motion.

On appeal, Anthony argues two points which we do not reach. First, Anthony contends Kaplan's signature on the improperly filed motion is evidence of Kaplan's belief that the motion to vacate was tenable pursuant to Ark. R. Civ. P. 11. Therefore, Anthony argues Kaplan is estopped from now taking a position inconsistent to the one expressed earlier in his motion before the federal district court. This estoppel argument, however, was not raised below, and we will not consider it for the first time on appeal. *See Collins* v. *Heitman*, 225 Ark. 666, 284 S.W.2d 628 (1955). Second, Anthony failed to cite any supporting legal authority for his contention that the trial court improperly dismissed his claim for breach of the oral contract for legal services. As this court has held many times, we will not consider unsupported arguments that require further research. *Fayetteville Sch. Dist.* v. *Ark. State Bd. of Ed.*, 313 Ark. 1, 852 S.W.2d 122 (1993).

For his third and final point on appeal, Anthony argues the trial court erred in granting summary judgment on his malpractice claim because issues of fact remained as to whether the decision of the arbitration panel would have been vacated, even if a timely appeal in the proper court had been filed. For support, Anthony cites the dissenting panel member's opinion as evidence that a properly filed motion to vacate the panel's decision would have been granted.[1] Additionally, Anthony points out that, under his 1984 contract with KPMG, he had a monetary claim for compensation and retirement benefits, and claims his continuation with KPMG was to depend on maintaining a satisfactory level of performance. In sum, Anthony argues that, because his claims pursuant to the 1984 contract were totally ignored by the panel, the panel exceeded its powers in violation of the Uniform Arbitration Act.

An attorney is negligent if he or she fails to exercise reasonable diligence and skill on behalf of the client. In order to prevail under a claim of legal malpractice, a plaintiff must prove that the attorney's conduct fell below the generally accepted standard of practice and that this conduct proximately caused the plaintiff damages. *Callahan* v. *Clark*, 321 Ark. 376, 901 S.W.2d 843 (1995); *Vanderford* v. *Penix*, 39 F.3d 209 (8th Cir. 1994); Ronald E. Mallen *et*

---

[1] The dissenting panelist interpreted the partnership agreement to impose a duty of fairness on the partners in their dealings with each other, and found the partners' decision as to Anthony was unconscionable.

*al., Legal Malpractice* § 8.12, at 601-608 (4th ed. 1996). To show damages and proximate cause, the plaintiff must show that but for the alleged negligence of the attorney, the result in the underlying action would have been different. *Callahan; Vanderford.*

■■ While the question of proximate cause is usually a question for the jury, when the evidence is such that reasonable minds cannot differ, the issue becomes a question of law to be determined by the trial court. *Skinner v. R.J. Griffin & Co.*, 313 Ark. 430, 855 S.W.2d 913 (1993). To support his motion, Kaplan included a copy of the New York statute on vacating arbitration awards, the Uniform Arbitration Act on vacating awards, and case law from both New York and Missouri supporting his position. Once the moving party establishes a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Renfro v. Adkins*, 323 Ark. 288, 914 S.W.2d 306 (1996). Thus, for Anthony's complaint against Kaplan to have survived summary judgment, Anthony was required to show that, as a matter of law, the Missouri court would have granted his motion to vacate had the motion been properly filed.

Though the parties differ on whether New York or Missouri law applies, both New York and Missouri have adopted the Uniform Arbitration Act with only slight variances in the wording of the statutes. The New York statute in relevant part provides that an arbitration award shall be vacated if the rights of the complaining party were prejudiced *inter alia* where "an arbitrator . . . exceeded his power[.]" N.Y. Civ. Prac. L. & R. 7511(b)(iii) (Consol. 1980). The Missouri statute lists the grounds for vacating an arbitration award to include where "[t]he arbitrators exceeded their powers[.]" Mo. Ann. Stat. § 435.405.1(3) (Vernon 1992).[2] Neither statute defines the arbitrator's power.

■ As a matter of public policy, arbitration is strongly favored, and is looked upon with approval by courts as a less expensive and more expeditious means of settling litigation and relieving docket congestion. *Lancaster v. West*, 319 Ark. 293, 891 S.W.2d 357 (1995); *Estate of Sandefur v. Greenway*, 898 S.W.2d 667

---

[2] Except for references to other statute numbers, the Missouri statute on vacating arbitration awards is essentially identical to Ark. Code Ann. § 16-108-212(a) (1987).

(Mo. App. W.D. 1995). The party attempting to overturn an arbitration award, not the party attempting to sustain it, bears the burden of proof. *Lancaster, R.L. Hulett & Co. v. Barth,* 884 S.W.2d 309 (Mo. App. E.D. 1994). The scope of arbitration is defined by the contract between the parties, and a party challenging the award is not entitled to a resolution on the merits. *Estate of Sandefur,* 898 S.W.2d 667. Further, it is not for the courts to determine if the arbitrators decided the dispute correctly, only that the arbitrators acted within their jurisdiction. *Id.* The failure of the arbitration panel to follow the law as a court of law or equity would have done, without specific agreement to such in the arbitration agreement, does not afford relief through the courts. *Id.; Stifel, Nicolaus & Co. v. Francis,* 872 S.W.2d 484 (Mo. App. W.D. 1994); *Maross Const. Inc. v. Central N.Y. Regional Transp. Authority,* 488 N.E.2d 67 (N.Y. 1985).

■ On appeal, the judiciary's review is limited to vacating an arbitration award only on the statutory grounds, unless the award is violative of a strong public policy. *Stifel, Nicolaus & Co.,* 872 S.W.2d 484; *Maross Const. Inc.,* 488 N.E.2d 67; *Lieberman v. Lieberman,* 566 N.Y.S.2d 490 (Sup. 1991). If there is no case law and no compelling policy on an issue, provisions of the Uniform Arbitration Act should be construed consistent with the decisional law of other states which have adopted the Act. *Heineman v. Charno,* 877 S.W.2d 224 (Mo. App. W.D. 1994).

■ Unlike Missouri, New York has had occasion to develop legal precedent for challenging an arbitration award based on an allegation the arbitrators exceeded their powers or authority. In *Pavilion Central Sch. Dist. v. Pavilion,* 380 N.Y.S.2d 387 (App. Div. 1976), the New York appellate court found the following two basic factors are to be considered in determining whether an arbitrator has acted in excess of his power: (1) whether the arbitrator construed the disputed contract in a completely irrational way; or (2) whether the arbitration agreement itself expressly limited the power of the arbitrator. In other words, the question is whether the arbitrator merely interpreted the disputed contract or did he, in fact, give it a completely irrational construction and, thereby, create a new contract for the parties. *Id. See also Matter of Riverbay Corp. v. Local 32-E,* 456 N.Y.S.2d 378 (App. Div. 1982).

■ Arkansas, too, has had occasion to decide whether an award exceeded the authority of the arbitrator. In *McLeroy v. Waller,* 21 Ark. App. 292, 731 S.W.2d 789 (1987), our court of appeals

reduced an arbitration award where the panel awarded punitive damages in a dispute over a lease agreement. Finding the panel had exceeded its authority by making an award which was invalid on its face, and thus illegal, the appellate court modified the award by eliminating the punitive damages. By modifying rather than vacating the award, the *McLeroy* court recognized the general rules set out by this court where it was stated as follows:

> The fact that parties agree to submit their disputes to arbitration implies an agreement to be bound by the arbitration board's decision, and every reasonable intendment and presumption is in favor of the award; it should not be vacated unless it clearly appears that it was made without authority, or was the result of fraud or mistake, or misfeasance or malfeasance. Unless the illegality of the decision appears on the face of the award, courts will not interfere merely because the arbitrators have mistaken the law, or decided contrary to the rule of established practice as observed by courts of law and equity.

*Id.; Chrobak* v. *Edward D. Jones & Co.,* 46 Ark. App. 105, 878 S.W.2d 760 (1994) [citing *Alexander* v. *Fletcher,* 206 Ark. 906, 175 S.W.2d 196 (1943); *Kirsten* v. *Spears,* 44 Ark. 166 (1884)].

In the present case, all three arbitrators found the 1984 contract between Anthony and KPMG was irrelevant to the issue of whether Anthony was improperly terminated, and, instead, based their opinions solely on the partnership agreement. As demonstrated by the record, the only issue before the panel was whether Anthony was improperly terminated. Contrary to Anthony's allegation, the panel did not ignore evidence or any claim in excess of their authority or power.[3] At the end of the hearing, the panel asked if any claims remained and Kaplan offered no response. Thus, no evidence exists that Anthony's monetary claim against KPMG was ever brought to the panel's attention.

In conclusion, we note that Anthony's complaint against Kaplan does not allege Kaplan mishandled his case at the arbitration hearing, but only that Kaplan was negligent in handling

---

[3] We note the exclusion of evidence in an arbitration proceeding, even though admissible under the rules of evidence, is not a statutory ground for vacating the arbitration award. *Dean Witter Reynolds Inc.* v. *Deislinger,* 289 Ark. 248, 711 S.W.2d 771 (1986).

the appeal. Under either the law of Missouri or New York, no basis exists upon which the arbitration panel's decision would have been vacated based on the panel exceeding its power. As the one challenging the arbitration award, the burden of proof was on Anthony and he failed to meet proof with proof. Therefore, as a matter of law, Anthony failed to show he would have prevailed in his underlying arbitration action, even if Kaplan had filed a timely and proper motion to vacate. Because Anthony failed to establish proximate cause, the trial court correctly granted summary judgment.

For the foregoing reasons, we affirm.