Joe SMOTHERS *v.* James CLOUETTE

96-324                                      934 S.W.2d 923

Supreme Court of Arkansas
Opinion delivered December 23, 1996

*Kathy A. Cruz* and *Donald R. Roberts*, for appellant.

*Appellee*, pro se.

DONALD L. CORBIN, Justice. Appellant Joe Smothers appeals the order of the Lincoln County Circuit Court dismissing with prejudice his cause of action against Appellee James Clouette for legal malpractice on the ground that the statute of limitations barred the claim. Appellant contends on appeal that the trial court erred in dismissing the action either pursuant to ARCP Rule 12(b)(6) or ARCP Rule 56. Because this appeal involves a question on the law of torts, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(15). We believe there were genuine issues of material fact to be resolved, and we reverse.

## I. Facts and Procedural History

Appellant filed a complaint in the Lincoln County Circuit Court on October 9, 1991, alleging that Appellee was professionally negligent in his representation of Appellant on criminal charges of rape, robbery, and kidnapping filed in the Pulaski County Circuit Court. The charges were alleged to have been committed by Appellant on February 1, 1986, although Appellant did not retain Appellee to represent him on the charges until November 1, 1986. The complaint reflects that on November 4, 1986, Appellant was convicted of all three charges after a bench trial. On November 25, 1986, Appellant was sentenced to life imprisonment on the charge of rape, forty years on the charge of kidnapping, and twenty years on the charge of robbery.

The complaint reflects that in a letter dated February 12, 1987, Appellee notified Appellant that a notice of appeal had been filed on his behalf. Subsequently, Appellee notified Appellant that there had been some difficulty in lodging the trial transcript because the court reporter had been ill. Appellee later notified Appellant that the costs for the trial transcript had been paid and that the transcript would be filed within fifteen days. For whatever reason, the trial transcript was never lodged, and no motion for belated appeal was ever submitted to this court.

Appellant claimed that Appellee committed legal malpractice in failing to perfect an appeal of the charges, and that his cause of action was not barred by the statute of limitations because the attorney–client relationship continued through February 2, 1990, and because Appellee intentionally and fraudulently concealed his negligence. Appellee responded to Appellant's complaint by asserting that Appellant terminated the attorney–client relationship in a letter dated September 8, 1988, and that as a result, Appellant's claim was barred by the statute of limitations as it was filed three years and one month after the attorney–client relationship was terminated. Appellee filed both a motion to dismiss pursuant to ARCP Rule 12(b)(6) and a motion for summary judgment pursuant to ARCP Rule 56. Appellee supported both motions by arguing that Appellant's case was barred by the statute of limitations. The trial court ultimately agreed with Appellee and dismissed the case on the ground that it was barred by the statute of limitations. This appeal resulted.

## II. Summary Judgment

Appellant contends on appeal that the trial court erred in granting summary judgment because there were two issues of material fact yet to be resolved: (1) The date on which the attorney-client relationship was terminated; and (2) whether there were affirmative acts of concealment and fraud by Appellee that prevented Appellant's discovery that Appellee had not perfected the appeal. Additionally, Appellant points out that the trial court's order is confusing in that it does not reflect whether the court was granting Appellee's motion to dismiss pursuant to ARCP Rule 12(b)(6) or his motion for summary judgment pursuant to ARCP Rule 56.

■■ The trial court's order reflects that the trial judge considered the pleadings and "all other things and matters before the Court." It is clear from the abstract provided to us that the parties presented affidavits and other matters outside the pleadings to the trial court on the motion to dismiss. As such, we will treat the motion as one for summary judgment. *See* ARCP Rule 12(b)(6); *Cherepski v. Walker*, 323 Ark. 43, 913 S.W.2d 761 (1996); *Deitsch v. Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992). Summary judgment should only be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Cherepski*, 323 Ark. 43, 913 S.W.2d 761. We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review is limited to an examination of the evidentiary items presented below in order to determine whether the trial court correctly ruled that those items left no material factor in dispute. *Id.*

■ This court has consistently recognized that the three-year statute of limitations applies to actions against an attorney for negligence. *See Stoltz v. Friday*, 325 Ark. 399, 926 S.W.2d 438 (1996); *Smith v. Elder*, 312 Ark. 384, 849 S.W.2d 513 (1993); *Goldsby v. Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992); *Chapman v. Alexander*, 307 Ark. 87, 817 S.W.2d 425 (1991); Ark. Code Ann. § 16-56-105 (1987). The statute of limitations in such actions begins to run, in the absence of concealment of the wrong, when the negligence occurs, not when the negligence is discovered. *Stoltz*, 325 Ark. 399, 926 S.W.2d 438; *Goldsby*, 309 Ark. 380, 831 S.W.2d 142. Where affirmative acts of concealment by the person charged with fraud

prevent the discovery of that person's misrepresentations, the statute of limitations will be tolled until the fraud is discovered or should have been discovered with the exercise of reasonable diligence. *Wilson v. General Elec. Capital Auto Lease, Inc.*, 311 Ark. 84, 841 S.W.2d 619 (1992). This court has previously held that "[a]lthough the question of fraudulent concealment is normally a question of fact that is not suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion, a trial court may resolve fact issues as a matter of law." *Alexander v. Flake*, 322 Ark. 239, 241, 910 S.W.2d 190,191 (1995).

We conclude that the evidence submitted below, primarily in the form of Appellant's affidavit, did leave room for a reasonable difference of opinion, and that there was a fact question as to whether the statute of limitations was tolled by any affirmative acts of fraud or concealment on the part of Appellee. Furthermore, we conclude that there was a fact question as to when the negligent act occurred, and consequently, as to when the statute of limitations began to run. We thus reverse the decision of the trial court and remand the case so that these questions of fact may be resolved.

We note that because we treat the trial court's ruling as one of summary judgment, which was limited to the statute of limitations issue, we are not addressing the Rule 12(b)(6) issue pertaining to any defects in the pleadings. On remand, the parties are not barred from raising this issue in the trial court.

Reversed and remanded.

DUDLEY and GLAZE, JJ., dissent.

JESSON, C.J., not participating.

ROBERT H. DUDLEY, Justice, dissenting. Joe Smothers employed James Clouette to represent him on three criminal charges. Smothers was convicted on each charge and subsequently filed this legal malpractice suit against Clouette. Smothers alleged that Clouette was negligent in representing him because he failed to timely perfect an appeal and then failed to seek a belated appeal. Smothers asked for $750,000 in damages for mental anguish as a result of being incarcerated. However, Smothers did not plead alleging that, but for the failure to perfect the appeal, the result in the underlying criminal charges would have been different.

In response to Smothers's complaint, Clouette filed a motion

to dismiss for failure to state a cause of action, see Ark. R. Civ. P. 12(b)(6), and a motion for summary judgment because the statute of limitations had run. The trial court granted the motion to dismiss without specifying whether it was based on 12(b)(6) or on summary judgment.

The majority opinion holds that the granting of summary judgment was in error, and I agree. However, I would not reverse and remand, because the trial court could have correctly granted the motion based on Rule 12(b)(6).

We have often held that we will affirm a trial court if the trial court reached the right result, even though the trial court may have given the wrong reason. *Marine Servs. Unlimited, Inc. v. Rake*, 323 Ark. 757, 918 S.W.2d 132 (1996). Here, the trial court reached the right result, because the case should have been dismissed for failure to state a cause of action.

In order to state a cause of action for legal malpractice, the plaintiff must show that but for the alleged negligence, the result in the underlying action would have been different. *Schmidt v. Pearson, Evans & Chadwick*, 326 Ark. 499, 931 S.W.2d 774 (1996); *Tyson Foods, Inc. v. Adams*, 326 Ark. 300, 930 S.W.2d 374 (1996); *Anthony v. Kaplan*, 324 Ark. 52, 918 S.W.2d 174 (1996); *Callahan v. Clark*, 321 Ark. 376, 901 S.W.2d 842 (1995). Smothers did not plead any facts showing that, if the appeal had been perfected, the underlying results would have been different. Thus, the trial court should have granted the motion to dismiss, but should have based the dismissal on Smothers's failure to state a cause of action.

The trial court granted a dismissal, but it should have granted a dismissal without prejudice for failure to state a cause of action. We should affirm, but modify the dismissal to one without prejudice. The case of *Ratliff v. Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984), is squarely on point.

GLAZE, J., joins in this dissent.