Jack GARRISON et al. *v.* CITY OF NORTH
LITTLE ROCK

97-642                                                                 964 S.W.2d 185

Supreme Court of Arkansas
Opinion delivered March 5, 1998

*David P. Henry*, for appellants.

*Timoth Davis Fox*, for appellee.

TOM GLAZE, Justice. The appellants are North Little Rock property owners whose lots back up to and adjoin the northern boundary of a commercial development, Lakewood Village Subdivision. A platted forty-foot buffer zone divided the commercial property and the residential lots. Apparently the commercial development owner applied to the North Little Rock Planning Commission for a waiver of the buffer zone, and the request was granted.[1] Immediately afterwards, the developer removed the

---

[1] The abstract contains only the portion of the minutes of the September 20, 1994 meeting of the North Little Rock Planning Commission that shows the commercial development owner's request for a waiver was approved. The application itself was not abstracted.

trees and other greenery from the buffer zone, and built a retaining wall in place of the greenery.

Appellants filed suit in circuit court against the City of North Little Rock, alleging a wrongful taking of property. They asserted that the City's action in granting the commercial developer a waiver was done without giving them notice and a hearing. This failure of notice and hearing, appellants alleged, violated city ordinances and represented a loss of a property right without due process and just compensation. The City answered, denying the appellants' complaint, and subsequently moved for summary judgment. The City attached ten exhibits in support of its motion. After appellants filed their response, the circuit court granted the City's motion, holding the appellants had no protected property interest in the platted buffer zone, so no due process rights were violated. Appellants brought this appeal, disagreeing with the trial court's decision.

On appeal, the City initially argues the appellants have failed to comply with this court's abstracting requirements and submits this deficiency requires affirmance. We must agree. The transcript in this case is 395 pages, but 373 pages are omitted from the abstract. None of the ten exhibits to the City's Motion for Summary Judgment were abstracted, which omissions include a "screening or buffering" ordinance exhibit and a planning commission regulation excerpt exhibit that dealt with buffer-zone strips located between commercial and residential properties. Nor have appellants provided us with the ordinance(s) that they claim give them a right to notice and a hearing before any waiver of buffer zones can be granted by the planning commission or City. And while the appellants claimed below that the planning commission's regulations and the City's "screening ordinance" gave them a property interest in the disputed forty-foot buffer zone, those regulations or ordinances are not a part of the abstract of record.

Appellants state in their reply brief that they did not abstract the ordinance establishing their entitlement to notice because such ordinance was not in the record. Such a concession, however, only suggests that the failure-of-notice issue they argue on appeal

was not properly preserved at the hearing below. Also, while appellants attempt to justify the ordinance abstract omission by saying, "the City has not suggested appellants were not entitled to a notice or hearing," their statement ignores the point that it is their burden to establish their due process argument and to demonstrate error.

■ In conclusion, the trial court below and the City on appeal point out that the appellants failed to cite any supporting legal authority for the proposition that the City's action had deprived them of a constitutionally protected property interest in a buffer zone situated on adjoining real property. On this point, appellants mention only Ark. Const. Art. 2, § 13, which generally provides that every person is entitled to a remedy for all injuries or wrongs he may receive to his person, property, or character. They do cite *Richardson v. City of Little Rock Planning Comm'n*, 295 Ark. 189, 747 S.W.2d 116 (1988), but the *Richardson* decision does not involve the due process issue appellants attempt to raise here. Though appellants offer considerable factual discussion and argument bearing on this point for reversal, their supporting legal authority is severely lacking and requires further research.

■ Because appellants' record, abridgement of record, and citation of supporting legal authority are so deficient that we cannot fully consider and decide their arguments on appeal, we must affirm. *See* Ark. Sup. Ct. R. 4-2(a)(6) and (b)(1) and (2) (1997); *Stroud Corp., Inc. v. Hagler*, 317 Ark. 139, 875 S.W.2d 851 (1994); *Anthony v. Kaplan*, 324 Ark. 52, 918 S.W.2d 174 (1996).