# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4062

_____

Steve Leonard, Lavonda Leonard,                                    *
                                                                   *
      Appellants,          *
                                           * Appeal    from    the    United
                                             States
  v.                              * District Court for the
                                           * Western     District     of
                                             Arkansas
Christopher Walthall,          *
                               *
      Appellee.          *

_____

Submitted:      April 15, 1998

Filed:          May 5, 1998

_____

Before BOWMAN,[1] Chief Judge, and McMILLIAN and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

_____

[1]The Honorable Pasco M. Bowman succeeded the Honorable Richard S. Arnold as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998.

Plaintiffs Steve and Lavonda Leonard timely appealed from a final order in the United States District Court[2] for the Western District of Arkansas, dismissing their complaint without prejudice in this diversity action alleging legal malpractice against defendant Christopher Walthall. Leonard v. Walthall, No. 97-6073 (W.D. Ark. Oct. 29, 1997) (order of dismissal). The district court dismissed the complaint for lack of subject matter jurisdiction due to an insufficient amount in controversy under 28 U.S.C. § 1332. Id. For reversal, plaintiffs argue that the district court erred in granting defendant's motion for partial summary judgment and holding as a matter of Arkansas law that plaintiffs cannot recover damages for emotional distress or mental anguish based upon their claim of negligence. Id. (Aug. 27, 1997) (memorandum opinion and partial judgment). Jurisdiction is proper in this court based upon 28 U.S.C. § 1291. For the reasons stated below, we affirm.

In their complaint, plaintiffs allege that defendant acted negligently, and thus committed legal malpractice, by first representing plaintiffs in their effort to adopt a child and then representing another individual, Maxine Sutton, in her effort to adopt the same child. Plaintiffs allege that defendant's wrongful conduct caused a delay of several months in their successful adoption of the child, which in turn caused them to

---

[2]The Honorable Jimm Larry Hendron, United States District Judge for the Western District of Arkansas.

suffer great emotional distress and mental anguish.[3]  In his answer, defendant alleges that plaintiffs no longer wished to adopt the child at the time he filed an adoption petition on Sutton's behalf.  Defendant moved for partial summary judgment on the ground that Arkansas law does not permit, in a negligence action, recovery of damages for emotional distress or mental anguish absent physical injury.  The district court granted defendant's motion upon holding that the Arkansas Supreme Court would not

---

[3]In our opinion, the terms "emotional distress" and "mental anguish" have essentially the same meaning and are interchangeable.

permit plaintiffs to recover damages for their alleged emotional distress under the undisputed facts of this case.

On appeal, plaintiffs argue that the issue of whether Arkansas law permits recovery of damages for emotional distress in the legal malpractice context has never been squarely decided by the Arkansas Supreme Court, but that the trend is toward allowing such damages to be recovered. Plaintiffs describe as "incorrect" the Eighth Circuit's statement in Wood v. National Computer Systems, Inc., 814 F.2d 544, 546 (8th Cir. 1987) (Wood), that, "[a]s to simple negligence, the Supreme Court of Arkansas has never recognized a cause of action for the merely negligent infliction of emotional distress, absent some accompanying physical injury." See Brief for Appellants at 14-16 citing St. Louis S.W. Ry. Co. v. Pennington, 553 S.W.2d 436, 446-52 (Ark. 1977) (en banc) (allowing recovery of damages for mental anguish under Ark. Stat. Ann. § 27-906 et seq. (Repl. 1962)); Twin City Bank v. Isaacs, 672 S.W.2d 651, 653-55 (Ark. 1984) (allowing emotional distress damages based upon claim that bank wrongfully dishonored a check in violation of Ark. Stat. Ann. § 85-4-402); and Little Rock Newspapers, Inc. v. Dodrill, 660 S.W.2d 933, 935-38 (Ark. 1983) (allowing damages for emotional distress resulting from injury to reputation, based upon defamation claim). Plaintiffs maintain that these cases illustrate that the Arkansas Supreme Court does make exceptions to the general rule disallowing damages for emotional distress or mental anguish based on a negligence claim.

Plaintiffs also cite Smothers v. Clouette, 934 S.W.2d 923 (Ark. 1996) (Smothers), in which a criminal defendant sought emotional distress damages from his defense attorney for negligent legal representation, and the Arkansas Supreme Court reversed the trial court's grant of summary judgment for the defendant-attorney. Even though the issue on appeal in Smothers was whether the action was barred by the statute of limitations, id. at 924-26, plaintiffs argue this court can nevertheless infer that the Arkansas Supreme Court viewed the plaintiff's emotional distress claim based on

attorney negligence as legally viable because the Arkansas Supreme Court could have affirmed the dismissal on any ground.

Finally, plaintiffs maintain that there is increasing recognition of the minority rule which allows recovery of damages for emotional distress damages in legal malpractice actions. See, e.g., Kohn v. Schiappa, 656 A.2d 1323 (N.J. 1995) (Kohn) (where attorney had been retained to represent noneconomic interests of adoptive parents, allowing adoptive parents to sue attorney for wrongfully disclosing their identities to natural parents, notwithstanding absence of economic injury). Plaintiffs contend that the issue in Kohn is "essentially indistinguishable" from the issue in the present case and urge us to hold that the Arkansas Supreme Court would follow Kohn if faced with the case at bar.

We review de novo the issue of whether, under Arkansas law, plaintiffs may recover damages for their alleged emotional distress resulting from defendant's negligent conduct, notwithstanding the undisputed fact that plaintiffs have suffered no physical injury or harm to a personal or economic interest. Upon careful review of the record and the parties' arguments on appeal, we agree with the district court's holding that plaintiff may not recover such damages under Arkansas law.

Contrary to plaintiffs' assertion, Wood, 814 F.2d at 546, correctly explains that, as a general rule of Arkansas law, a plaintiff may not bring an action for negligent infliction of emotional distress absent physical or similar injury. See, e.g., Dalrymple v. Fields, 633

S.W.2d 362, 364 (Ark. 1982) (plaintiff who was neither physically injured nor directly traumatized in any way could not recover for emotional distress or related injuries where the evidence showed negligence but not willful or wanton wrongdoing by the tortfeasor). Moreover, the cases upon which plaintiffs rely to show that there are exceptions to the general rule can easily be distinguished from the present case because they each involved either statutory authorization for the damages sought or an injury to the plaintiff's personal or economic interests. In the present case,

however, there is no statute authorizing the emotional distress damages sought by plaintiffs, nor did plaintiffs have a parental interest in the child or other cognizable interest which was harmed by defendant's alleged negligence.

We also find support for the district court's disposition in <u>Thornton v. Squyres</u>, 877 S.W.2d 921 (Ark. 1994) (<u>Thornton</u>).  In that case, the Arkansas Supreme Court affirmed the trial court's directed verdict against the plaintiff, whose  claim of outrage was based upon allegations that her attorney mishandled her divorce and thus caused her temporarily to lose custody of her child. <u>Id.</u> at 922-23.  The Arkansas Supreme Court agreed with the trial court's quoted statement that, if the plaintiff could state an outrage claim based on what essentially amounted to attorney negligence, "'then virtually any act of legal malpractice touching and affecting peoples' lives is also a tort of outrage.'"  <u>Id.</u> at 923.

In sum, we agree with the district court's holding in the present case that the Arkansas Supreme Court would not allow plaintiffs to go forward with their claim of attorney negligence, which is based upon wrongful conduct that closely resembles the wrongful conduct alleged in <u>Thornton</u> and for which plaintiffs' sole basis for damages is emotional distress or mental anguish.  The order of the district court is affirmed.


A true copy.

Attest:

-8-

CLERK, U.S. COURT OF APPEALS, EIGHTH
CIRCUIT.