**Brian ROBINS, Appellant,**

v.

**CONSECO FINANCE LOAN COMPANY, Respondent.**

**No. C8–02–1017.**

Court of Appeals of Minnesota.

Feb. 4, 2003.

---

Thomas J. Lyons, Jr., Consumer Justice Center, P.A., Thomas J. Lyons, Thomas Lyons & Associates, Little Canada, MN, for appellant.

Shari L. Jerde, Dorsey & Whitney, LLP, Minneapolis, MN, for respondent.

Considered and decided by
SHUMAKER, Presiding Judge,
LANSING, Judge, and MINGE, Judge.

## OPINION

MINGE, Judge.

Brian Robins seeks review of summary judgment in favor of Conseco Finance Loan Company dismissing his action for invasion of privacy by publication of private facts. Because Conseco's dissemination of information was limited to one person and Robins played a role in the dissemination, there was not an actionable publication of private facts. We affirm.

## FACTS

In July 1999, appellant Brian Robins and his wife, Margaret Robins, applied to respondent Conseco Finance Loan Company to finance the purchase of a manufactured home from Robins' co-worker, Tammy Williams. After approximately one week, Robins had not heard from Conseco about the status of his loan. Robins and Williams discussed Conseco's unresponsiveness; Robins gave Williams permission to call Conseco to ask if any additional information was needed. Williams testified that she spoke with Nancy Jacobson, a loan processor for Conseco. Williams told Jacobson that she was the seller of the property that Robins wished to purchase. Jacobson informed Williams that Robins' loan had been denied because of a judgment and "something else out against" Robins. Robins was present when Williams made the call. When Williams told him the results of the call, he told her more about his credit history. This discussion occurred within earshot of other employees.

Conseco had a policy that prohibited giving confidential information about loan applicants, including credit histories over the telephone, even to the loan applicant. Jacobson stated she was aware of that policy and that she did not recall ever receiving a phone call from Williams, did not remember Robins' application, and did not believe that she would have given out confidential information to Williams or anyone else.

Robins stated that he was stunned that Conseco would release information regarding his credit history to Williams. Williams stated Robins appeared nonchalant, rather than shocked or mortified, about the disclosure. Williams also stated that at that time Robins gave her additional information that explained his poor credit history.

Williams admits that she told others about Conseco's denial of Robins' loan and Robins' explanation. In addition to telling several other employees at work, Williams also told her husband, parents, and two sisters. Except for one of her sisters, everyone that she told lived or worked in the same community.

Robins contends that his relationships with Williams, with his supervisor, and with other employees became strained following the disclosure of the denial of his mortgage application. Robins asserted that he never again felt the same level of respect from his co-workers or those he personally supervised. In addition, Robins stated that he has run into members of Williams' family in the community and has felt uncomfortable.

On December 1, 2000, Robins started this action against Conseco, alleging that Conseco violated his right of privacy by publication of private facts. Conseco moved to dismiss for failure to state a claim. Conseco alleged that publicity cannot be established when the communica-tion is only to one person and the communication was not "highly offensive." The district court denied the motion because

> [t]he facts indicate, at least on a threshold level, that a sufficient basis exists upon which to base a claim for the tort alleged. The facts indicate that a representative of Conseco communicated [Robins'] financial information to a third person who perhaps should not have been privy to this information.

On June 5, 2001, Conseco petitioned this court for discretionary review. This court denied the petition, stating "appellate review may benefit from the development of a more complete record." Conseco then petitioned the district court under Minn. R. Civ.App. P. 103.03(i) for certification of certain questions. Following the court's denial of that petition, discovery continued. Conseco moved for summary judgment, which the district court granted. The district court determined that a single alleged communication was, as a matter of law, insufficient to establish the publicity element of the Robins' claim. The court also determined that there was no indication that Robins suffered any damages from the alleged communication. This appeal followed.

## ISSUE

Did the district court err in granting summary judgment on Robins' claim of invasion of privacy where Robins' claim was based on communication of credit information to a single person?

## ANALYSIS

On an appeal from summary judgment, this court asks whether: (1) there are any genuine issues of material fact, and (2) the lower court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). No genuine is-

sue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *DLH, Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). A genuine issue for trial must be established by substantial evidence. *Id.* at 69–70 (quoting *Murphy v. Country House, Inc.,* 307 Minn. 344, 351, 240 N.W.2d 507, 512 (1976)). A reviewing court is not bound by and need not give deference to a district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). "On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom [summary] judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citation omitted).

Minnesota first recognized a tort action for invasion of privacy in *Lake v. Wal–Mart Stores, Inc.,* 582 N.W.2d 231 (Minn.1998). In recognizing the right of privacy, the court stated

> [t]he right to privacy is an integral part of our humanity; one has a public persona, exposed and active, and a private persona, guarded and preserved. The heart of our liberty is choosing which parts of our lives shall become public and which parts we shall hold close.

*Id.* at 235. The court relied on the Restatement (Second) of Torts and found three causes of action comprising the tort invasion of privacy: intrusion upon seclusion, appropriation, and publication of private facts but declined to accept false light publicity as a fourth cause of action. *Id.* at 233, 235 (citing Restatement (Second) of Torts § 652D (1977)).

The right of privacy at issue in the instant case is publication of private facts.

Again relying on the Restatement, the *Lake* court defined publication of private facts as

> giv[ing] publicity to a matter concerning the private life of another * * * if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.

*Lake,* 582 N.W.2d at 233 (quoting Restatement (Second) of Torts § 652D (1977)). While recognizing the right of privacy in the publication of private facts, the *Lake* court did not define "publicity" or determine what matters would be highly offensive to a reasonable person or not of legitimate concern to the public.

Our initial analysis hinges on the meaning of the word "publicity." While we recognize that the Restatement has not been redrafted since 1977, our supreme court focused on an application of the Restatement in determining an invasion of privacy; and thus we also do so here. The Restatement defines "publicity" as follows:

> "Publicity," as it is used in this Section, differs from "publication," * * *. "Publication," * * * is a word of art, which includes any communication by the defendant to a third person. "Publicity," on the other hand, means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. * * * Thus, it is not an invasion of the right of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons.

Restatement (Second) of Torts § 652D cmt. a (1977).

Illustrations of publicity are also included in the Restatement. The illustrations include:

1. A, a creditor, writes a letter to the employer of B, his debtor, informing him that B owes the debt and will not pay it. This is not an invasion of privacy under this Section.

2. A, a creditor, posts in the window of his shop, where it is read by those passing by on the street, a statement that B owes a debt to him and has not paid it. This is an invasion of B's privacy.

*Id.*

Although neither of these examples is the same as the instant case, the first is close. The disclosure in the Restatement example is made to the employer. In the instant case, Conseco disclosed the information to a fellow employee of Robins who was planning to sell Robins a manufactured home. The disclosure was only made to a single person and this single person passed the information on to other people. It was not communicated "to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id.* Thus, under the Restatement definition of publicity, the disclosure of the Robins' credit report to one person does not constitute publicity.

Because an analysis of the meaning of publicity is difficult to ascertain, we also look to sources other than the Restatement in determining whether disclosure to one person is sufficient to constitute publicity. The Oklahoma Supreme Court held "a statement to a single individual is not enough publicity to make one's claim actionable * * * for harm from public disclosure of private facts." *Hadnot v. Shaw,* 826 P.2d 978, 985–86 (Okla.1992).

Minnesota federal courts have also addressed the issue of publicity. In *C.L.D. v.* *Wal–Mart Stores, Inc.,* an employee asked a store manager for time off for medical reasons, later disclosing that she was planning on obtaining an abortion. *C.L.D. v. Wal–Mart Stores, Inc.,* 79 F.Supp.2d 1080, 1082 (D.Minn.1999). The manager shared this information with three other store managers. *Id.* The court held this was not sufficient publicity to warrant an actionable invasion of privacy. *Id.* at 1083–84. Other federal courts have also held disclosure to one person is not sufficient to constitute publicity. *Wood v. Nat'l Computer Sys., Inc.,* 814 F.2d 544, 545 (8th Cir.1987) (disclosure of private information to one person was not sufficient for a claim of publication of private facts); *Jones v. U.S. Child Support Recovery,* 961 F.Supp. 1518, 1521 (D.Utah 1997) (disclosure of private facts to the plaintiff's employer, mother, and two siblings was insufficient publicity); *Kuhn v. Account Control Tech., Inc.,* 865 F.Supp. 1443, 1448 (D.Nev.1994) (creditor's phone calls to six co-workers of a debtor was not sufficient to constitute publicity).

In contrast, in *McSurely v. McClellan,* the court held disclosure to one person could be actionable when government officials disclosed information about the plaintiff's pre-marital affair to the plaintiff's spouse. *McSurely v. McClellan,* 753 F.2d 88, 112 (D.C.Cir.1985). The court held that because of the delicacy of the situation, disclosure to the husband was actionable. *Id.*

 Here, the dissemination of information by Conseco was only to one fellow employee, not multiple employees. Unlike *McSurely* where the disclosure to one person was potentially destructive of a marriage, in this case Robins was hoping to make a major purchase from Williams and had referred Williams to Conseco. Conseco's communication to one person was re-

sponsive to that referral. It would be an expansion of the concept of publicity to find publicity has occurred when Williams repeats the information to yet other parties. While decisions from other states and federal courts are not precedential, other states' decisions clarify the Restatement definition and examples and further support our determination that the communication to a single person as occurred in this case does not satisfy a publicity requirement.

Robins urges that this court's recent decision on the right of privacy supports his claim for relief. *See Bodah v. Lakeville Motor Express*, 649 N.W.2d 859 (Minn.App.2002) (holding it was premature for district court to dismiss invasion of privacy complaint for failure to state a claim). In *Bodah*, Social Security numbers of 204 employees were disseminated to 16 managers of affiliated businesses in six states. *Id.* at 860. That is a substantially greater dissemination than what occurred in this case. Also, the *Bodah* case had been dismissed by the trial court pursuant to Rule 12.02(e) for failure to state a claim on which relief could be granted. *Id.* at 861. The claimants had no opportunity to engage in discovery. *Id.* Here Robins had a full opportunity for discovery before the ruling of the district court. Finally, *Bodah* presented the risk of identity theft where Social Security numbers, seemingly bland information, may be misused to serious detriment if they fall into the wrong hands. *Id.* at 866. Here the information creates awkwardness and possibly embarrassment. Both the nature of the information and the extent of the dissemination are important to the claim. Robins' reliance on *Bodah* is inappropriate.

Other facts in this case are also pertinent to the merits of Robins' claim. Robins played an active role in Williams' acquiring and disseminating the information.

Robins assisted Williams in contacting Conseco and was present when she made the call. At the conclusion of the call, Robins shared with Williams additional information about his credit history and did so in a location where other employees could potentially overhear their conversation. While Robins stated he felt awkward and embarrassed around fellow employees, he contributed to the dissemination of information concerning his credit history.

We acknowledge that Conseco had a policy prohibiting the dissemination of any credit information over the phone in connection with a loan application. On appeal from summary judgment, we assume Conseco disregarded its own policy. Robins does not claim that policy was part of the contractual obligation to him, and its violation is not an independent basis for Robins' claim for relief.

We hold that the disclosure of Robins' credit information to Williams by Conseco was not sufficient publicity to establish an action for publication of private facts. Because we conclude the disclosure of the information did not rise to the level of publicity, we do not reach the issue of whether the credit information in this case is a private fact.

### DECISION

The district court properly determined that there was no publicity and granted summary judgment to respondent Conseco.

**Affirmed.**